**Bonita L. WEISS, Plaintiff,**

v.

**COCA–COLA BOTTLING COMPANY OF CHICAGO, and Jerry Lawrence, in individual and corporate capacity, Defendants.**

**No. 91 C 1475.**

United States District Court,
N.D. Illinois, E.D.

Sept. 4, 1991.

Carmen Jones Mitchell, Carmen Jones Mitchell & Associates, Christine L. Jones, The Law Office for Equal Justice, P.C., Chicago, Ill., for plaintiff.

Marian Conroy Haney, William Robert Sullivan, Jr., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Bonita Weiss filed a complaint against Coca–Cola Bottling Co. and Jerry Lawrence in March of this year, alleging violations of Title VII and the Equal Pay Act. The defendants have moved to dismiss the complaint or, in the alternative, for summary judgment. For the reasons stated below, this court grants in part and denies in part defendants' motion.

## BACKGROUND

Ms. Weiss worked for a time for the Chicago Coca–Cola Bottling Plant (Coca–Cola). She alleges that while she worked there she was subjected to sexual discrimination (she was paid less than men in the same or comparable positions) and sexual harassment (her boss demanded sexual favors in return for job security and/or advancement). Ms. Weiss eventually left her position with Coca–Cola (involuntarily, according to the complaint) and filed claims with the Illinois Department of Human Rights (IDHR) against Coca–Cola for sexual discrimination and against her supervisor, Jerry Lawrence, for sexual harassment.

## DISCUSSION

The defendants raise several arguments in support of their motion. This court will address each in turn.

### 1. Jury Demand

■ Ms. Weiss has demanded a jury. To the extent that demand extends to Count 1, her Title VII claim, it is stricken. Title VII does not confer a right to a jury trial.

### 2. Timeliness

■ Coca–Cola claims that this court must dismiss Ms. Weiss' claim against it because she filed it after the statutory deadline. This argument involves facts outside those alleged in the complaint. Defendants state, in their motion to dismiss, that they attached exhibits to the motion and that, "[b]ecause matters outside the Complaint are submitted in support of this Motion, this Motion may be treated by the Court as a Motion for Summary Judgment." This court, while appreciative of defendants' largesse, notes that their motion and the papers submitted with it are not in compliance with either federal or local procedural rules governing summary judgment motions. Fed.R.Civ.P. 56(c) permits the court to consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any...." Defendants did not authenticate any of the "exhibits" they attached to their motion with affidavits, as R. 56(c) requires (although, after Ms. Weiss noted the deficiency in her response, they

attached an authenticating affidavit to their reply). Furthermore, defendants have failed entirely to comply with Local Rule 12(m), which requires the party moving for summary judgment to file:

> a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law including a description of the parties and all facts supporting venue and jurisdiction in this Court. That statement shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph.

Defendants have not included such a statement with their motion.

Ms. Weiss, however, has responded to defendants' deficient motion with her own evidence. She, unlike defendants, complied with Rule 56 by authenticating the documents she has submitted with proper affidavits. This court accepts the authenticated documents submitted by each of the parties, but warns defendants that recurring failure to comply with either federal or local rules may well result in sanctions.

Before turning to the specific matter in issue here, some discussion of the administrative procedures involved in filing a discrimination claim in Illinois is necessary. Title VII requires that a plaintiff in a state like Illinois (which has its own administrative mechanism for resolving complaints of discrimination) must give the state the first opportunity to resolve plaintiff's claim by filing with the state before filing with the EEOC. The plaintiff may file a charge with the EEOC only after one of two conditions is met: 1) sixty days elapse after the filing of the state charge or 2) the state agency terminates its proceedings. See 42 U.S.C. § 2000e–5(c).

Illinois, however, like a number of other states, has entered a "workshare" agreement with the EEOC. The agreement sets forth particular categories of discrimination claims over which the state wishes to retain initial jurisdiction and other categories of claims which it sends directly to the EEOC. See *Young In Hong v. Children's Memorial Hospital*, 936 F.2d 967, 969–70 (7th Cir.1991).

Ms. Weiss filed one claim against Coca–Cola and one against Mr. Lawrence with IDHR within the statutory time frame. IDHR forwarded the Coca–Cola claim, but not the Lawrence claim, to the EEOC. The EEOC, in due course, issued a "right to sue" letter to Ms. Weiss on the Coca–Cola charge. When it became aware that IDHR had never forwarded the Lawrence charge the EEOC amended its charge to include Mr. Lawrence, served notice and issued an amended right-to-sue letter. Ms. Weiss' complaint in this court is timely as to the amended right-to-sue letter, but not as to the original. Defendants argue that it is the original that controls and that, therefore, Ms. Weiss' complaint is barred by the applicable statute of limitations.

In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982) the Court held that Title VII's administrative time limitations were not jurisdictional and were thus subject to equitable tolling rules. Indeed, the court noted that as a general rule, Title VII should be liberally interpreted, in order to effectuate its remedial purpose. *Id.* at 397, 102 S.Ct. at 1134. In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) the Court held that a procedural default occasioned by some act of the governmental agency cannot be used to deprive a claimant of his or her day in court.

These cases compel the conclusion that Ms. Weiss cannot be held accountable for IDHR's failure to transfer the charge against Lawrence to the EEOC. IDHR (apparently mistakenly—to the extent the record is unclear the court will construe the ambiguity in plaintiff's favor) failed to transfer the Lawrence charge to the EEOC. Ms. Weiss did not learn of that failure until after the EEOC issued the right-to-sue letter on the Coca–Cola charge (the charge itself indicates that it *was* cross-filed with the EEOC).

The EEOC issued the Coca–Cola right-to-sue letter on March 15, 1990. On March 21, Ms. Weiss' attorney visited the EEOC to determine the status of the charge, discovered the omission of the Lawrence charge, and notified the appropriate authorities. The EEOC did not issue an amended right-to-sue letter until December 6, 1990. Ms. Weiss filed this action within ninety days of her attorney's receipt of the notice. Her suit is therefore timely.[1]

### 3. Title VII Claim Against Lawrence

■ Defendants' next argument is that Count 1, Ms. Weiss' Title VII claim, does not state a claim against Mr. Lawrence, the supervisor who allegedly sexually harassed Ms. Weiss. Although her complaint is not a model of clarity, Ms. Weiss does allege that "[d]efendant ... [s]ubjected Plaintiff to a course of sexual harassment consisting of sexual advances and demands, implied and direct threats of reduction or loss of compensation, terms, conditions and privileges of employment due to Plaintiff's failure and refusal to submit to Defendant's sexual harassment." This allegation, coupled with the attachment of Ms. Weiss' original IDHR charge is specific enough to state a claim against Mr. Lawrence—if such a claim is permissible at all under Title VII, and that is the critical question.

Defendants claim that Ms. Weiss cannot bring a Title VII claim against Mr. Lawrence, at least not in his individual capacity, because he is not an 'employer' within the meaning of the statute. 42 U.S.C. § 2000e(b) defines 'employer' as: "a person engaged in an industry affecting commerce who has fifteen or more employees ... *and any agent of such a person ....*" (Emphasis added). Defendants cite *Huebschen v. Department of Health and Social Services,* 716 F.2d 1167 (7th Cir.1983) in sup-

port of their argument. *Huebschen,* however, made no specific holding on the point, but rather stated that the *parties* agreed that a supervisor was not an employer under the statute. This court has not discovered (nor, apparently, have the parties) any later Seventh Circuit cases which address the question.

This court considered, but did not resolve, the question whether individuals could be held liable under Title VII in *Bertoncini v. Schrimpf,* 712 F.Supp. 1336, 1339–40 (N.D.Ill.1989). There, the plaintiff, a former employee of the Village of Round Lake, sued a number of Village officials for Title VII violations by naming them and their Village position in the caption of her complaint. Plaintiff did not name the Village itself as a defendant. This court, after discussing the conflict among the various courts which have faced the question, held that it need not resolve it in that case. Rather, the court relied on the rebuttable presumption created by the Seventh Circuit that a suit against an official is, unless otherwise noted, an "official capacity" suit. *Id.* at 1340. That presumption is inapplicable here, since Ms. Weiss has named Mr. Lawrence in both his individual and official capacities.

Now, however, the question is squarely presented. This court noted in *Bertoncini* that courts are divided on the question whether a supervisor can be held individually liable for Title VII violations. The picture has changed somewhat since 1989. One of the cases which this court cited in *Bertoncini* in support of the proposition that supervisors can be held individually liable was *Hamilton v. Rodgers,* 791 F.2d 439, 442 (5th Cir.1986). There, the Fifth Circuit held that plaintiff's individual supervisors could be held jointly and severally liable for Title VII violations because

---

**1.** Defendants argue that the EEOC cannot amend a right-to-sue notice unless certain conditions have been met, none of which are satisfied here. Defendants' argument, however, is based upon a faulty premise and thus unavailing. The only authority they offer in support of their claim is the EEOC regulation governing amendment of EEOC *determinations.* See 29 C.F.R. § 1621(b). No determination was made here, the EEOC simply issued an incorrect right-to-

sue letter and, when the error was brought to its attention, corrected it. The regulation which governs the issuance of such notices, 29 C.F.R. § 1601.28 does not address amendment of the notice. In light of the Supreme Court's frequent admonitions that courts construe Title VII liberally in order to effectuate its remedial purpose (see discussion above) this court will not accept defendants' crabbed interpretation of the regulations.

Title VII provides for liability of the employer's agents and these supervisors were agents within the meaning of the statute because they had " 'participated in the decision-making process that form[ed] the basis of the discrimination' " *Id.* at 443, citing *Jones v. Metropolitan Denver Sewage Disposal District No. 1*, 537 F.Supp. 966, 970 (D.Colo.1982). More recently, however, the Fifth Circuit has held that a supervisor liable as the employer's agent is liable only in his or her *official* capacity, *Harvey v. Blake*, 913 F.2d 226, 227–28 (5th Cir.1990), see also *Sparks v. Pilot Freight Carriers, Inc.*, 830 F.2d 1554, 1557–59 (11th Cir. 1987). A person liable in their official capacity is liable only as a surrogate for the employer. See *Monell v. Department of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978).

This court believes that this is the more reasonable view. That belief is further supported by the fact that the damages available under Title VII are damages which an employer, not an individual, would generally provide—i.e. back-pay, reinstatement, etc. The court accordingly finds that the claim against Mr. Lawrence in his individual capacity must be dismissed.

Defendants further maintain that the court should dismiss the claim against Mr. Lawrence in his corporate capacity, such a claim being, in reality, a claim against Coca–Cola. Defendants' argument on this point depends upon this court's acceptance of their claim that Ms. Weiss' claim against Coca–Cola is untimely. Since it is not, the claim against Mr. Lawrence in his corporate capacity will stand.[2]

### 4. Equal Pay Act Claim

Defendants also attack Count 2 of the complaint, which seeks relief under the Equal Pay Act, 29 U.S.C. § 206 (1963). Plaintiff did not address the merits of Count 2 in her response to the defendants motion and this court could simply grant the motion on that basis. Ultimately, however, that disposition would lead to waste of judicial resources, since it is quite likely that Ms. Weiss would simply amend her complaint to make the same or similar allegations again. In the interests of judicial economy, then, the court will consider each of defendants' claims.

■  Defendants make a number of arguments in support of their attack on Count 2, which the court will address in turn. First, defendants maintain that the count merely mimics the statutory language and thus does not meet even the liberal pleading standard of Fed.R.Civ.P. 8. Again, Count 2 is no model of pleading clarity. Nonetheless, when considered in conjunction with the allegations of Count 1, it is adequate to put defendants on notice of Ms. Weiss' claims. Count 2 does parrot the language of the Equal Pay Act, but in Count 1 Ms. Weiss alleges that Coca–Cola "denied Plaintiff a starting salary of the same amount awarded to males who were hired before her and after her and who performed the same work as Plaintiff". These allegations are adequate.

■  Ms. Weiss seeks relief in Count 2 in the form of "unpaid wages from approximately July 2, 1989 (the date she left Coca–Cola) to the final disposition of this matter." The Equal Pay Act provides that:

> "No employer ... shall discriminate ... between employees ont he basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility....

---

**2.** Defendants do not argue that Mr. Lawrence was not an agent of Coca–Cola—nor, indeed, could they in light of the allegations of the complaint. According to that document, Mr. Lawrence was Ms. Weiss' immediate supervisor and subjected her to a course of sexual harassment which included "implied and direct threats of reduction or loss of compensation, terms, conditions and privileges of employment". This is sufficient to support the inference that Mr. Lawrence "participated in the decision-making process that form[ed] the basis of the discrimination" *Jones v. Metropolitan Denver Sewage Disposal District No. 1*, 537 F.Supp. 966, 970 (D.Colo.1982).

Defendants argue that Ms. Weiss is thus not entitled to wage relief for the period *after* she left Coca–Cola. While it certainly makes no sense to this court to make a claim for wages for the period after her termination but not for the period during which she was employed by Coca–Cola, the claim is nonetheless cognizable. Should Ms. Weiss prevail on her Title VII claim and thus be entitled to damages in the form of back-pay, and should she further establish that she was not paid comparably to similarly situated male employees, then her claim for relief in count 2 would permit her to recover the wage she should have earned, rather than the wage she was actually paid, as part of her back-pay award.

Defendants next argue that Ms. Weiss has not stated a claim against Mr. Lawrence in his individual capacity in Count 2. As this court has discussed above, to the extent Ms. Weiss has made any allegations against Mr. Lawrence, they are directed to actions he took as an agent of Coca–Cola. Thus, he cannot be held individually liable for any responsibility he might have had for an Equal Pay Act violation.

Finally, defendants maintain that Ms. Weiss' Equal Pay Act claim is at least partially barred by the statute of limitations. Under the Act, a plaintiff may commence an action "within two years after the cause of action accrued ... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Ms. Weiss began working for Coca–Cola on February 20, 1989 and filed suit on March 11, 1991. She has not alleged that defendants "willfully" violated the Act and thus is subject to the two-year limitation period. Thus, she is not entitled to collect any wage disparity which existed prior to March 11, 1989. Of course, according to her complaint, she is not seeking to collect for any disparity which occurred prior to the time she was fired.

## CONCLUSION

The court grants defendants' motion to dismiss the claims in Count 1 and Count 2

brought against Mr. Lawrence in his individual capacity. The court denies the motion to dismiss Count 1 as against Coca–Cola and Mr. Lawrence in his official capacity. The court grants defendants' motion to dismiss those claims in Count 2 which arose prior to March 11, 1989. Plaintiff's jury demand is stricken as to Count 1.