**Christine M. RUICH, Plaintiff,**

v.

**RUFF, WEIDENAAR & REIDY, LTD., and Charles Reiter, Defendants.**

**No. 93 C 4872.**

United States District Court, N.D. Illinois, E.D.

Oct. 5, 1993.

Susan G. Feibus, Kane, Obbish, Propes & Garippo, Mary L. Mikva, Seliger & Mikva, Chicago, IL, for plaintiff.

Edward P. Freud, Ruff, Weidenaar & Reidy, Ltd., Chicago, IL, Barry L. Chaet, Beck, Chaet, Loomis, Molony & Bamberger, S.C., Milwaukee, WI, for defendants.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Christine Ruich ("Ruich") sues defendants Charles Reiter ("Reiter") and Ruff, Weidenaar & Reidy, Ltd. ("Ruff, Weidenaar") for sexual harassment, retaliation for filing a charge of discrimination, battery, and intentional infliction of emotional distress. Ruich sues under Title VII of the Civil Rights Acts of 1964, as amended in 1991, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and under Illinois common law. Ruff, Weidenaar and Reiter separately move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

### BACKGROUND

For purposes of ruling on motions to dismiss, the court takes as true all factual allegations in the complaint. *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992). From February 1989 through July 1992, Ruich was employed as a legal secretary for Ruff, Weidenaar, and was assigned to work for Reiter, a partner at the law firm. Complaint ¶¶ 7–8. During that time, Reiter made lewd and sexually suggestive comments to Ruich. Complaint ¶ 9. Reiter also made sexual advances: he kissed

the back of Ruich's neck and slapped her backside, and in other ways touched her sexually. Complaint ¶ 10. In June 1992, when Ruich complained to Reiter about his conduct and asked him expressly to cease his sexual advances, Reiter became unduly critical of Ruich's work, and placed unrealistic demands upon her. Complaint ¶ 12.

In July 1992, Ruich complained to the partners of Ruff, Weidenaar, including the managing partner, and informed the management that she felt forced to resign. The partners asked Ruich not to leave the firm, but refused to investigate Reiter's actions. Complaint ¶ 13. The partners of Ruff, Weidenaar had been aware of Reiter's behavior since about March 1989. Complaint ¶ 11.

On July 16, 1992, Ruich told Ruff, Weidenaar's managing partner that she felt she must resign; the managing partner told Ruich that she would be paid through August 15, 1992. Complaint ¶ 14. Subsequently, when Ruich filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Ruff, Weidenaar's management told Ruich that she would be paid only through July 31, 1992. Complaint ¶ 15. Ruich filed a second charge of discrimination with the EEOC regarding the reduction in severance pay. Complaint ¶ 4.

Ruich has sought psychiatric treatment to combat the emotional distress and depression that Reiter's and Ruff, Weidenaar's actions have caused her. Complaint ¶ 16. On June 23, 1993, the EEOC granted Ruich notification of the right to sue on both charges of discrimination that she had filed. Complaint ¶ 4.

## DISCUSSION

### 1. Motion To Dismiss

■ A motion to dismiss concerns the sufficiency of the complaint, not the merits of the suit. *Triad Ass'n, Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir.1989), *cert. denied*, 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). The court grants a motion to dismiss only if it is clear that the plaintiff can prove no set of facts that would entitle him to relief. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 432 (7th Cir.1993); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ In ruling on motions to dismiss, the court takes all well-pleaded facts to be true, and draws all inferences and resolves all ambiguities in the non-moving party's favor. *Bontkowski v. First National Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993); *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir.1992). Thus, the complaint may be dismissed for failure to state a claim upon which relief can be granted only if the facts that the plaintiff alleges show that she is not entitled to judgment. *Bartholet v. Reishauer, A.G.*, 953 F.2d 1073, 1079 (7th Cir. 1992).

### 2. Reiter's Motion

#### a. Individual liability under Title VII

■ Under Title VII, employers are prohibited from discriminating against their employees. Reiter contends he was not Ruich's employer; he asserts that count I, a Title VII claim against Reiter in his individual capacity, must be dismissed. Reiter argues that Title VII provides a cause of action against an employer, but not against the employer's agent. Reiter asserts that an employee's direct supervisor is merely an agent of the employer, who can be sued only in his official capacity. Reiter's argument is not persuasive.

The appellate courts are divided over the issue of individual liability under Title VII. *See Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir.1989), *vacated in part*, 900 F.2d 27 (4th Cir.1990) (supervisor may be individually liable as "employer" under Title VII); *Jones v. Continental Corp.*, 789 F.2d 1225 (6th Cir. 1986) (same); *but see Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583 (9th Cir.1993) (agent not individually liable under Title VII and ADEA). The Seventh Circuit has not addressed the question of individual liability expressly, although it has upheld personal liability against supervisors in Title VII cases. *See, e.g., Gaddy v. Abex Corp.*, 884 F.2d 312, 318–19 (7th Cir.1989) (upholding personal liability for decision-making super-

visor); *EEOC v. Vucitech,* 842 F.2d 936, 939–42 (7th Cir.1988) (same).

Judges in this district also are divided over the issue of personal liability for supervisors. In *Weiss v. Coca–Cola Bottling Co. of Chicago,* 772 F.Supp. 407 (N.D.Ill.1991), Judge Duff held that a supervisor could be liable only in his official capacity. In reaching his decision, Judge Duff relied on Title VII's damages scheme, which provides for remedies traditionally associated with an employer—*e.g.,* back-pay and reinstatement. *Weiss,* 772 F.Supp. at 411. In *Pommier v. James L. Edelstein Enterprises,* 816 F.Supp. 476 (N.D.Ill.1993), Judge Aspen relied on the definition of employer in Title VII, and followed *Weiss,* in holding that a supervisor is not an employer for the purposes of Title VII. *Pommier,* 816 F.Supp. at 480–81. These decisions recently were rejected by Chief Judge Moran in *Vakharia v. Swedish Covenant Hospital,* 824 F.Supp. 769 (N.D.Ill.1993). In *Vakharia,* Chief Judge Moran noted the holdings in *Weiss* and *Pommier,* and "respectfully disagree[d] with the conclusion." The Chief Judge found that personal liability of supervisors is necessary to serve the two purposes of Title VII—to compensate victims of discrimination and to deter future discrimination. *Vakharia,* 824 F.Supp. at 785 (citing *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 417–18, 95 S.Ct. 2362, 2371–72, 45 L.Ed.2d 280 (1975)).

The situation in this case differs from the cases discussed above in an important respect. In this case, the supervisor who is being sued in his individual capacity is a partner in the law firm/employer. Reiter was not a mere supervisor who had decision-making capabilities. Rather, he was a member of the partnership that employed Ruich; he was Ruich's employer. Under Title VII, "the term 'employer' means a *person* engaged in an industry affecting commerce ... and any agent of such person." 42 U.S.C. § 2000e(b) (emphasis added). The courts that have ruled on personal liability under Title VII have considered whether the "agent" is liable as an "employer." *See, e.g.,*

*Pommier v. James L. Edelstein Enterprises,* 816 F.Supp. 476, 480–81 (N.D.Ill.1993). In this case, Reiter was not an agent, but was the employer himself.

The conclusion that Reiter was Ruich's employer is bolstered by the Seventh Circuit's holding in *EEOC v. Dowd & Dowd, Ltd.,* 736 F.2d 1177, 1178–79 (7th Cir.1984). In the *Dowd & Dowd* case, the question was whether a law firm qualified as a Title VII employer that employed more than fifteen employees. In concluding that the law firm was not covered under Title VII because it employed fewer than fifteen workers, the Seventh Circuit held that shareholder attorneys in an incorporated law firm are not employees under Title VII, but are employers. *See also Burke v. Friedman,* 556 F.2d 867, 869 (7th Cir.1977) (partners in accounting firm are employers under Title VII).[1] Ruich may sue Reiter, her former employer, in his personal capacity under Title VII. Reiter's motion to dismiss count I is denied.

### b. Supplemental jurisdiction

Because Reiter is a proper defendant under Title VII, Reiter's contention that the court should not exercise supplemental jurisdiction over the state law counts (counts II, III, and IV) is moot.

### 3. Ruff, Weidenaar's Motion

Ruff, Weidenaar contends that Ruich's common law claims in counts III and IV are preempted by the exclusivity provisions of the Illinois Workers Compensation Act ("IWCA"). 820 ILCS 305/1, *et seq.* Under the IWCA, an employee may not recover common law damages from her employer unless she establishes that her injuries: (1) were not accidental; (2) did not arise from employment; (3) did not occur during the course of employment; or (4) are not compensable under the IWCA. *See Juarez v. Ameritech Mobil Communications, Inc.,* 957 F.2d 317, 323 n. 4 (7th Cir.1992). Ruff, Weidenaar asserts that Ruich's injuries were accidental because Ruff, Weidenaar did not authorize Reiter's conduct. Because Reiter

---

1. In light of the holdings in *Dowd & Dowd* and *Burke,* Reiter's contention that Ruff, Weidenaar is not a partnership, but a corporation, and that

Reiter is a "shareholder in that law firm," Answer ¶ 6, do not affect the court's conclusions.

is a partner in the law firm, and thus was Ruich's employer, Ruff, Weidenaar's position is untenable.

In *Meerbrey v. Marshall Field & Co.*, 139 Ill.2d 455, 151 Ill.Dec. 560, 564, 564 N.E.2d 1222, 1226 (1990), the Illinois Supreme Court ruled that injuries that are inflicted intentionally by a co-worker are "accidental" under the IWCA, because they are accidental from the point of view of both the employee and the employer. The *Meerbrey* court expressly limited its holding to a situation in which "the employer did not direct or expressly authorize" the injury. The court held that the IWCA "will not bar a common law cause of action against an employer ... for injuries which the employer or its alter ego intentionally inflicts." *Meerbrey*, 151 Ill. Dec. at 564, 564 N.E.2d at 1226.

In this case, Reiter acted not only as Ruich's direct supervisor, but as her employer. Ruich alleges that Reiter intentionally harassed her. Reiter, as a partner in the law firm, was Ruff, Weidenaar's alter ego for the purposes of IWCA; Reiter's intent is imputed to Ruff, Weidenaar. *See Crissman v. Healthco*, 1992 W.L. 223820 (N.D.Ill. Sept. 1, 1992) (supervisor with high degree of decision-making authority may be alter ego under IWCA). Ruich's injuries thus were not accidental under IWCA. The common law claims based on Ruich's injuries are not preempted by the IWCA.

Ruff, Weidenaar seizes upon the inartful drafting of Ruich's complaint in contending that Reiter did not act on Ruff, Weidenaar's behalf. Ruff, Weidenaar notes that Ruich did not allege that Reiter is Ruff, Weidenaar's alter ego, nor did she allege that Ruff, Weidenaar expressly authorized Reiter's actions. Motion at 6. Ruff, Weidenaar characterizes Reiter as Ruich's co-worker, in light of Ruich's allegation that Ruff, Weidenaar acted "through Reiter." Motion at 6. Ruff, Weidenaar's arguments are misplaced on a motion to dismiss. For purposes of ruling on the motions to dismiss, the court must draw all inferences and resolve all ambiguities in the plaintiff's favor. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir.1992). Ruich need not make every factual allegation necessary to prevail; she may amend her allegations later. *See Hrubec v. National Ry. Passenger Corp.*, 981 F.2d 962, 963 (7th Cir.1992). Ruff, Weidenaar's motion to dismiss counts III and IV is denied.

## 4. Intentional Infliction Of Emotional Distress

■ Reiter and Ruff, Weidenaar contend that Ruich fails to make out a *prima facie* case for intentional infliction of emotional distress in count IV. There are three elements to a claim for intentional infliction of emotional distress: (1) extreme and outrageous conduct; (2) intent to inflict severe emotional distress; and (3) causation. *McGrath v. Fahey*, 126 Ill.2d 78, 127 Ill.Dec. 724, 727, 533 N.E.2d 806, 809 (1988). The defendants assert that Ruich's allegations, if proven, would not amount to extreme or outrageous conduct.[2]

■ Reiter argues that the allegations "fall dramatically short" of meeting the high standards of intentional infliction of emotional distress. Reiter points to the nature of the allegations—lewd remarks and periodic sexual touching—and states that these facts do not support Ruich's claim. Reiter Motion at 9–10. Reiter misperceives the purpose of a motion to dismiss. A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would" entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Based on Ruich's allegations, the court cannot conclude that Ruich would be unable to prove sufficient facts to support her claim against Reiter. *See Bailey v. Unocal Corp.*, 700 F.Supp. 396, 398–99 (N.D.Ill. 1988). Reiter's motion to dismiss count IV lacks merit.

---

2. In *McGrath*, the Illinois Supreme Court noted that the term "outrageous conduct" is vague and difficult to define, but stated that:

The more control which a defendant has over the plaintiff, the more likely that defendant's conduct will be deemed outrageous, particularly when the alleged conduct involves either a veiled or explicit threat to exercise such authority or power to plaintiff's detriment.

*McGrath*, 127 Ill.Dec. at 727, 533 N.E.2d at 809.

In addition, although Ruich's allegations against Ruff, Weidenaar are less egregious,—*e.g.*, failure to reprimand Reiter for his actions, retaliatory reduction of severance pay—Ruich nevertheless may be able to prove facts to support a claim for relief. *See Bailey,* 700 F.Supp. at 399. Ruff, Weidenaar's motion to dismiss count IV is denied.

### CONCLUSION

For the foregoing reasons, the motions to dismiss of defendants Charles Reiter and Ruff, Weidenaar & Reidy, Ltd. are denied. Defendants are directed to answer the complaint by October 19, 1993.