896 F.Supp. 352 (1995)
Minerva D. YABA, Plaintiff,
v.
CADWALADER, WICKERSHAM & TAFT, and Haven C. Roosevelt, Defendants.
No. 94 Civ. 5718 (JGK).
United States District Court, S.D. New York.
September 18, 1995.
Joseph Fleming, New York City, for plaintiff Minerva D. Yaba.
John S. Siffert and Margaret L. Watson, Lankler Siffert & Wohl, New York City, for defendant Haven C. Roosevelt.

MEMORANDUM ENDORSEMENT
KOELTL, District Judge:
This is an employment discrimination action against the law firm Cadwalader, Wickersham *353 & Taft ("Cadwalader") and one of its partners, Haven C. Roosevelt. Defendant Roosevelt has moved the Court for an order dismissing the complaint as against him. The Fourth Claim of the Complaint, the only claim asserted against Roosevelt, charges that Roosevelt personally harassed the plaintiff, Minerva D. Yaba, and that he is therefore subject to liability under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. On the present motion, Roosevelt argues that Title VII does not provide for individual liability. For the reasons stated below, the motion to dismiss is granted.
On a motion to dismiss, the allegations of the complaint are to be taken as true. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984); Doe v. City of New York, 15 F.3d 264, 266 (2d Cir.1994); Andrea Theatres, Inc. v. Theatre Confections, Inc., 787 F.2d 59, 64 (2d Cir.1986). The complaint alleges that plaintiff Yaba is an African-American woman who worked as a legal secretary at Cadwalader from March 16, 1992 until on or about January 18, 1994. The complaint alleges four claims against Cadwalader under Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990. Only one of those claims, the Fourth Claim, is alleged against Roosevelt, as well as the firm, and that claim, under Title VII, alleges an incident of personal harassment. While Roosevelt has denied the allegation, for purposes of the present motion he asks that the claim be dismissed against him because Title VII does not provide for individual liability.
The Court of Appeals for the Second Circuit has not decided this issue, but the weight of recent authority in this District lies against such liability. See Bakal v. Ambassador Constr., No. 94 Civ. 584 (JSM), 1995 WL 447784, at *3 (S.D.N.Y. July 28, 1995) (Martin, J.) ("[I]t is doubtful that plaintiff would have a valid cause of action against the individual defendants under Title VII.... [T]he court finds more persuasive the reasoning of those cases which conclude that Title VII's remedies apply only to the actual employer and not the individual employees who engaged in the prohibited conduct."); Falbaum v. Pomerantz, 891 F.Supp. 986 (S.D.N.Y.1995) (Cedarbaum, J.) (recognizing the similarities between Title VII and the Age Discrimination in Employment Act ("ADEA") and relying on cases holding that Title VII does not provide for individual liability in holding that the ADEA does not); Coraggio v. Time Inc. Magazine Co., No. 94 Civ. 5429 (MBM), 1995 WL 242047, at *7-*8 (S.D.N.Y. Apr. 26, 1995) (Mukasey, J.) (holding that persons cannot be liable in their individual capacity under Title VII); see also Leykis v. NYP Holding, Inc., 899 F.Supp. 986, ___, 1995 WL 479415, at *3 (E.D.N.Y. June 29, 1995) (holding on the basis of cases involving Title VII, the ADEA, and the ADA, that there is no individual liability under the ADEA); Schaffer v. Ames Dep't Stores, Inc., 889 F.Supp. 41, 44 (D.Conn.1995) ("As a result of its own review of the statute and the plethora of cases, the court finds that supervisory employees cannot be held personally liable under Title VII.").
This Court finds the analysis of the issue in these cases, and the cases cited therein, to be thorough and convincing. Individual liability is inconsistent with the language and remedial framework of Title VII. Congress has determined that the respondeat superior liability created by the statute gives employers an adequate incentive to deter the discriminatory actions of their employees and that individual liability is not necessary to further the purposes of the statute. The fact that defendant Roosevelt is a partner of the defendant employer does not alter the analysis. See Ryan v. Grae & Rybicki, P.C., No. CV-94-3731, 1995 WL 170095, at *3 n. 7 (E.D.N.Y. Mar. 31, 1995) (holding that there is no individual liability under the Americans with Disabilities Act ("ADA"), "concurring" with other courts finding individual liability unavailable under Title VII, the ADA, and the ADEA, and dismissing a claim under the ADA against a partner of a partnership in his individual capacity).
Therefore, the Fourth Claim as against defendant Roosevelt is dismissed because it *354 has no statutory basis under Title VII.[1],[2]
SO ORDERED.
NOTES
[1] Having dismissed Roosevelt as a defendant in this case, there is no basis for retaining him as a named defendant in the caption or otherwise as a defendant in the case, even under some "official capacity" theory. The law firm itself is the proper defendant and it is present and defending the case. I agree with Judge Martin that it is for Congress to determine who are appropriate responsible parties under Title VII. See Bakal, 1995 WL 447784, at *4-*5. There is no basis for keeping as defendants individuals who have no personal liability  Congress simply has not authorized it. Keeping such individuals as defendants will impose tangible costs on those individuals, including the need to devote the time and expense involved in defending against such claims. The courts cannot create their own causes of action or make individuals defend claims for which they are not liable.
[2] Given the Court's holding, it is unnecessary to reach the second ground for dismissal asserted by Roosevelt  that Roosevelt was not personally named as a respondent in the plaintiff's EEOC charge.