141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francine RICHARDSON, Plaintiff,
and
Jeffrey Friedman, Appellant,
v.
BONANZA CASINO; Little Bonanza Inc., a Nevada corporation;
Russell G. Sheltra, Jr., individually and doing
business as Bonanza Casino, Defendants-Appellees.
 No. 96-17069.
D.C. No. CV-95-00238-HDM.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 4, 1997.
Decided March 13, 1998.
 
 1
 Appeal from the United States District Court for the District of Nevada Howard D. McKibben, District Judge, Presiding.
 
 
 2
 Before BOOCHEVER and KLEINFELD, Circuit Judges, and WILSON, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellant Jeffrey Friedman appeals from the District Court's imposition of sanctions in the amount of $5,000. Orders imposing Rule 11 sanctions are reviewed for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).
 
 
 5
 The primary basis for the District Court's award of sanctions was Friedman's decision to name Russell Sheltra and other individuals as defendants. As an employee and shareholder of Bonanza, Inc., Sheltra cannot be individually liable for Bonanza's Title VII violations. See Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587-88 (9th Cir.1993). When this case was filed in 1995, however, individual liability for business partners was still an open question. Compare Yaba v. Cadwalader, Wickersham & Taft, 896 F.Supp. 552 (S.D.N.Y.1995) (partners not individually liable), with Ruich v. Ruff, Weidenaar & Reidy, Ltd., 837 F.Supp. 881 (N.D.Ill.1993) (partners can be liable as "employers"). Friedman relied on Washoe County business records indicating Sheltra and others had filed a fictitious business name statement as principals doing business as Bonanza Casino. Appellees concede that Sheltra was listed, albeit incorrectly, as a partner at the time the suit was filed. Based on his reliance on official county records, Friedman was not required to comply with Appellees' requests to dismiss Sheltra without evidence that he had been improperly named--evidence which Appellees refused to provide. In this context, Friedman's refusal to drop Sheltra from the complaint was not objectively unreasonable. See Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1508 (9th Cir.1987).
 
 REVERSED
 
 
 **
 Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by thie courts of this circuit except as provided by Ninth Circuit Rule 36-3