**Melissa MILLER, et al., Plaintiffs**

v.

**Albert HALL, et al., Defendants**

**No. 02–170–B.**

United States District Court,
D. Maine.

Feb. 4, 2003.

Charles E. Gilbert, III, Gilbert & Greif, P.A., Bangor, ME, for Plaintiffs.

Peter Bennett, the Bennett Law Firm, P.A., Portland, ME, for Albert Hall, defendant.

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, District Judge.

The United States Magistrate Judge filed with the Court on January 7, 2003 his Recommended Decision. Plaintiffs filed their objections to the Recommended Decision on January 15, 2003 and Defendant Hall filed his response to those objections on January 24, 2003. I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.

1. It is therefore *ORDERED* that the Recommended Decision of the Magistrate Judge is hereby *AFFIRMED.*

2. It is further *ORDERED* that Defendant Albert Hall's motion to dismiss is *GRANTED*.

## RECOMMENDED DECISION ON DEFENDANT HALL'S MOTION TO DISMISS

DAVID M. COHEN, United States Magistrate Judge.

The individual defendant, Albert Hall,[1] moves to dismiss all claims asserted against him in this action that was removed to this court from the Maine Superior Court (Waldo County). I recommend that the court grant the motion.

### I. Applicable Legal Standard

The motion to dismiss invokes Fed. R.Civ.P. 12(b)(6). Defendant Albert Hall's Motion to Dismiss, etc. ("Motion") (Docket No. 2) at 1. "When evaluating a motion to dismiss under Rule 12(b)(6), [the court] take[s] the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in h[er] favor." *Pihl v. Massachusetts Dep't of Educ.,* 9 F.3d 184, 187 (1st Cir.1993). The defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *Roma Constr. Co. v. aRusso,* 96 F.3d 566, 569 (1st Cir.1996); *see also Tobin v. University of Maine Sys.,* 59 F.Supp.2d 87, 89 (D.Me.1999).

### II. Factual Background

The amended complaint includes the following relevant factual allegations. Hall was at all relevant times an owner, manager and supervisor at defendant Anglers, Inc., doing business as Anglers Restaurant ("Anglers"), and held direct supervisory authority over the four plaintiffs, who worked for Anglers as wait staff and in other positions. Amended Complaint at 1 & ¶¶ 2–6. Shortly after the initial employment of each plaintiff, at various times in 2000, Hall began a course of offensive and illegal sexual harassment of each plaintiff, which caused the constructive discharge of each plaintiff. *Id.* ¶ 7. The defendants were aware of and tolerated offensive conduct and a hostile work environment created by other supervisors employed by Anglers including Hall's stepson. *Id.* ¶ 8. The defendants failed to take any action to correct the conduct or to prevent it from continuing. *Id.* ¶ 9.

### III. Discussion

The amended complaint alleges violations of the Maine Human Rights Act, 5 M.R.S.A. § 4551 *et seq.* (Count I), and Title VII of the federal Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (Count II). *Id.* ¶¶ 11, 15. Hall contends that he cannot be held liable as an individual under either statute. Motion at 1.

This court held recently that individual or personal supervisor liability is not available under the federal and state statutes at issue here. *Gough v. Eastern Maine Dev. Corp.,* 172 F.Supp.2d 221, 223–27 (D.Me.2001). The plaintiffs do not challenge *Gough*[2] but contend that Hall may nonetheless be held individually liable because he is an owner of the corporate defendant "and thus meets the definition of an 'employer' who may be held liable for civil rights violations." Opposition at 2. The plaintiffs rely on case law in which

---

1. The other defendant is Anglers, Inc., d/b/a Anglers Restaurant. Amended Complaint (Docket No. 7) at 1.

2. The plaintiffs also agree with the defendant, as they must under governing precedent, that resolution of this issue under the federal statute also resolves the issue for purposes of the state statute. Memorandum of Law In Opposition to Defendant Albert Hall's Motion to Dismiss ("Opposition") (Docket No. 5) at 2.

federal courts addressed the question whether shareholders or partners may be counted as employees in order to determine whether the corporate or partnership defendant has 15 employees, the minimum number in order to make the federal statute applicable. *EEOC v. Dowd & Dowd, Ltd.,* 736 F.2d 1177, 1178 (7th Cir.1984).[3] Contrary to the plaintiffs' characterization, the Tenth Circuit in *Ball v. Renner,* 54 F.3d 664 (10th Cir.1995), did not hold that "supervisors who are charged with sexual harassment may be personally liable under Title VII only if they are 'the equivalent or near-equivalent of true employers,'" Opposition at 2–3, but rather noted that its own consideration of the issue had left "the waters ... not entirely clear," 54 F.3d at 667, and that the issue need not be reached because the plaintiff's evidence of her supervisor's alleged status as the equivalent of an employer was insufficient as a matter of law, *id.* at 668–69.

The plaintiffs also rely on *Kwatcher v. Massachusetts Serv. Employees Pension Fund,* 879 F.2d 957 (1st Cir.1989), to support their argument that the First Circuit would allow recovery against an individual under the relevant federal statute so long as that individual was an owner of the corporate defendant. Opposition at 3. However, the First Circuit in *Kwatcher* was evaluating eligibility for benefits under the Employee Retirement Income Security Act (ERISA) and was very careful to limit its consideration of the term "employer" to its use in the context of that statute. 879 F.2d at 959–63. Its conclusion was also specific: "sole shareholders are 'employers,' and therefore cannot be 'employees' for purposes of [ERISA] plan participation." *Id.* at 963. The First Cir-

cuit's analysis of ERISA's statutory language for this purpose simply cannot be stretched to apply to the question of individual liability for sexual harassment and discrimination under 42 U.S.C. § 2000e ("Title VII").

The only case truly on point cited by the plaintiffs is *Ruich v. Ruff, Weidenaar & Reidy, Ltd.,* 837 F.Supp. 881 (N.D.Ill. 1993), in which one district court judge, noting that judges in that district were "divided over the issue of personal liability for supervisors," *id.* at 884, held that where the individual sued by the plaintiff under Title VII was a partner in the defendant law firm, that individual was an "employer" under Title VII and could therefore be subjected to individual liability under that statute, *id.* at 882, 884, relying on two Seventh Circuit cases that held that partners could not be counted as employees in order to reach the 15–employee jurisdictional minimum of Title VII. Subsequent Seventh Circuit case law casts doubt on *Ruich's* conclusion. *See Williams v. Banning,* 72 F.3d 552, 555 (7th Cir.1995); *EEOC v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276, 1279 (7th Cir.1995) (construing definition of "employer" in Americans with Disabilities Act, which is the same as the Title VII definition). I find more persuasive the conclusion, also directly on point, of the courts in *Feltner v. Partyka,* 945 F.Supp. 1188, 1197 (N.D.Ind.1996), and *Yaba v. Cadwalader, Wickersham & Taft,* 896 F.Supp. 352, 353 (S.D.N.Y.1995). As an owner of the corporate defendant, Anglers, Hall will "necessarily absorb the pinch from [Anglers'] liability, but as to [his] individual capacity liability it does not matter even if [he] was [Anglers'] alter ego." *Feltner,* 945 F.Supp. at 1197 (quot-

---

**3.** This issue is currently pending before the Supreme Court. *Clackamas Gastroenterology Assocs., P.C. v. Wells,* —— U.S. ——, 123 S.Ct. 31, 153 L.Ed.2d 893, 2002 WL 496771 (Oct.

1, 2002) (grant of certiorari); *Wells v. Clackamas Gastroenterology Assocs., P.C.,* 271 F.3d 903, 905 (9th Cir.2001) (underlying case).

ing *AIC Security,* 55 F.3d at 1282 n. 11). Individual liability is inconsistent with the language and remedial framework of Title VII. *Yaba,* 896 F.Supp. at 353. The presence of an individual owner of a corporate defendant in a Title VII action is superfluous.

### IV. Conclusion

For the foregoing reasons, I recommend that the motion of the defendant Albert Hall to dismiss be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which* de novo *review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to* de novo *review by the district court and to appeal the district court's order.*

January 7, 2003.