537 F.Supp. 966 (1982)
Larry P. JONES, Plaintiff,
v.
METROPOLITAN DENVER SEWAGE DISPOSAL DISTRICT NO. 1, and James O'Keefe, Individually and in his representative capacity as Supervisor for the Metropolitan Denver Sewage Disposal District No. 1, and John Nelson, Individually and in his representative capacity as Superintendent of Operations for Metropolitan Denver Sewage Disposal District No. 1, Defendants.
Civ. A. No. 81-K-1470.
United States District Court, D. Colorado.
April 26, 1982.
*967 *968 Richard C. LaFond, Denver, Colo., for plaintiff.
David R. Gorsuch, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER
KANE, District Judge.
This is an action for declaratory, injunctive and monetary relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Civil Rights Act of 1866, 42 U.S.C. § 1981, alleging employment discrimination on the basis of race. This court has subject matter jurisdiction to hear these claims pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1337, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 1331(a).
The plaintiff, who is a black american, claims that the defendants have engaged in a pattern and practice of discrimination in promotion, recruitment, hiring, job assignment and compensation, which has limited the employment, promotional and compensation opportunities of the plaintiff and of other blacks similarly situated.
This case is now before me on the defendants' motion to dismiss and/or strike allegations in the complaint pursuant to rules 12(b)(6) and 12(f), F.R.Civ.P.[1] The defendants advance five arguments in support of their motion: (1) the plaintiff's individual and class allegations in his complaint are conclusory and fail to state claims upon which relief may be predicated; (2) the plaintiff's allegations against James O'Keefe and John Nelson fail to state claims since those defendants are individuals and not "employers" within the meaning of Title VII; (3) this court lacks jurisdiction over the plaintiff's claims that are not specifically within the scope of his charges filed before the Equal Employment Opportunity Commission (hereinafter "EEOC"); (4) the plaintiff cannot comply with the requirements for maintaining a class action; and (5) the plaintiff's allegations in the jurisdictional section of his complaint citing the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, should be stricken since this statute does not provide an independent source of federal jurisdiction.
For the reasons expressed in this opinion, the defendants' motion is granted in part and denied in part.

I. PLEADING REQUIREMENTS IN CIVIL RIGHTS ACTIONS
The defendants assert that the plaintiff's complaint "sets forth only bald conclusory allegations" and therefore fails to satisfy *969 the pleading requirements in civil rights actions. First, I am unaware of any persuasive rationale for requiring civil rights actions to be pleaded with any greater specificity than that required under Rule 8(a), F.R.Civ.P. Indeed, the Tenth Circuit has expressly rejected the argument that congress intended to provide additional pleading requirements in actions under Title VII of the Civil Rights Act of 1964. See United States v. Gustin-Bacon Div. Certain-Teed Products, 426 F.2d 539, 542-43 (10th Cir. 1970).
In Gustin-Bacon Div. the circuit court noted that while congress has the power to supersede the Federal Rules of Civil Procedure, "unless the congressional intent to do so clearly appears, subsequently enacted statutes ought to be construed to harmonize with the Rules, if feasible". Id. After examining Title VII's legislative history, the circuit court concluded that pleading requirements in Title VII actions are governed by Rule 8(a), F.R.Civ.P. I note that the Tenth Circuit's holding and reasoning applies with greater force to statutes enacted prior to the enactment of the Federal Rules of Civil Procedure and the modern concepts of notice pleading and liberal discovery embodied therein. I hold, therefore, that actions under the Civil Rights Act of 1866 are also governed by the pleading requirements of Rule 8(a).
Rule 8(a)(2) requires that "(a) pleading which sets forth a claim for relief ... contain ... a short and plain statement of the claim showing that the pleader is entitled to relief. This portion of Rule 8 indicates the federal rules' objective of avoiding technicalities and requiring that the pleading discharge the function of providing fair notice to the opposing party of the nature and basis or grounds of the claim and a general indication of the type of litigation involved; the discovery process bears the burden of filling in the details. Wright & Miller, Federal Practice & Procedure: Civil § 1215, P. 108-12.
Moreover, technical challenges to a pleading's sufficiency based on archaic terms such as "ultimate fact", "evidence" and "conclusions" tend to revive the very distinctions that the federal rules repudiate. Id. at § 1212, P. 141.
Simply put, it must be remembered that the federal rules require a short and plain statement of a claim for relief that provides fair notice to the opposing party; it does not make any difference whether the pleader accomplishes this by stating "conclusions", "ultimate facts" or "evidence".
Id.
Further, a complaint is not subject to dismissal as inadequate, pursuant to Rule 12(b)(6), unless it appears to a certainty that no relief can be granted under any set of facts that can be proven in support of its allegations. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). If a complaint contains a viable legal theory but is so vague or ambiguous that the opposing party cannot respond, either because it is conclusory, inarticulate or for other reasons, the appropriate remedy is a motion for a more definite statement pursuant to Rule 12(e), F.R.Civ.P. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 130 (5th Cir. 1959).
However, in the instant case, the plaintiff's pro se complaint[2] is neither jejeune nor prolix so neither dismissal nor more definite statement motions are appropriate. The plaintiff has alleged that the defendants have failed to classify and compensate him as a skilled craftworker because of his race. He further alleges that the defendant sewage district has failed to hire and recruit blacks, maintains racially segregated job classifications and utilizes racially discriminatory tests. The plaintiff further alleges that he and other blacks have been injured as a result of these practices. There is no question that these allegations fairly notify the defendants of the *970 matters to be litigated, both as to the individual plaintiff and the potential class. Accordingly, the defendants' motion on this first ground is denied.

II. ACTION AGAINST O'KEEFE AND NELSON
The defendants claim that James O'Keefe and John Nelson are not proper parties to this action because they are mere individuals and not employers within the meaning of Title VII, 42 U.S.C. § 2000e(b). However, the Act defines an employer as a person engaged in industry affecting commerce ... and an agent of such person...". A person is an agent under § 2000e(b) if he participated in the decision making process that forms the basis of the discrimination. See Bradley v. Rockland County Community Mental Health Center, 24 E.P.D. ¶ 31,321 (E.D.N.Y.1980).
In the instant case, the plaintiff alleges in his reply brief that O'Keefe and Nelson are agents of the defendant sewage district and that in their respective capacities as supervisor and superintendent of the district, they are instrumental in maintaining the employment relationship between the district and the plaintiff. Accordingly dismissal on the ground that the defendants are not agents is inappropriate at this time.
However, the plaintiff has failed to include any allegations in his complaint regarding O'Keefe and Nelson. Since the plaintiff claims in his reply brief that those defendants, acting as agents of the defendant sewage district, participated in the alleged discrimination, I dismiss the plaintiff's claims against O'Keefe and Nelson without prejudice. The plaintiff may file an amended complaint within 15 days from the date of this order incorporating such additional allegations against O'Keefe and Nelson if he can.

III. SCOPE OF ADMINISTRATIVE CHARGES[3]
The defendants assert that the plaintiff's claims alleging forms of discrimination other than in promotion should be dismissed as beyond the scope of the plaintiff's charge before the EEOC. In Cruz v. Bd. of Ed., City of Trinidad School District No. 1, 537 F.Supp. 292, 298-299 (D.Colo.1982), I examined the leading cases in this circuit and others, on the extent to which allegations in the EEOC charge might serve as a limit on the scope of a subsequent Title VII action. Rather than repeat the analysis here, I incorporate that opinion by reference.
Suffice it to say that where judicial claims are rooted in the same basis of discrimination specified in the charge (i.e., race, sex, national origin), the court may consider them, notwithstanding the fact that additional aspects of that basis of discrimination are alleged in the complaint. Id. at 299 and cases cited therein. Accordingly, the defendants' motion to dismiss on this ground is denied.[4]

IV. CLASS ACTION REQUIREMENTS
The defendants claim that a class action is inappropriate in the instant case because *971 the plaintiff cannot adequately represent the class. I decline to decide this point at this time. At a later date, upon motion of either party or upon my own initiative, I will set this matter for hearing to determine, pursuant to Rule 23(c)(1), F.R.Civ.P., whether the plaintiff can satisfy all of the Rule 23 requirements and whether this action may be properly maintained as a class action.

V. THE DECLARATORY JUDGMENT ACT
The defendants move to strike the plaintiff's allegations, contained in the jurisdiction section of his complaint, which apparently rely on the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, as an independent source of federal subject-matter jurisdiction. The purpose of the defendants' motion on this point is somewhat puzzling since there is no question that this court has subject matter jurisdiction to hear this action pursuant to the several statutes cited supra at p. 968. Further, there is no question that a plaintiff can request declaratory relief pursuant to the Declaratory Judgment Act in Title VII actions. However, the defendants are technically correct; the Declaratory Judgment Act is merely a remedy, it does not provide an independent source of federal jurisdiction and it should not appear in the jurisdiction section of the plaintiff's complaint. Accordingly, the plaintiff's allegations in the jurisdiction section of his complaint that refer to the Declaratory Judgment Act, are stricken. The plaintiff may, but need not, file an amended complaint, moving his request for declaratory relief and reference to the Declaratory Judgment Act, to the appropriate section in his complaint.
For the reasons expressed in this opinion, it is hereby
ORDERED that the defendants' motion to dismiss and/or strike is granted in part and denied in part as indicated.
NOTES
[1] Since the defendants attached extraneous materials in support of their motion to dismiss, I originally converted the motion to dismiss to a motion for summary judgment to be disposed of in accordance with Rule 56, F.R.Civ.P. See Donovan v. Gingerbread House, 536 F.Supp. 627, 629-630 (D.Colo.1982). However, since I now realize that I need not consider any matters outside of the pleadings in order to dispose of this motion, I will treat it as a motion to dismiss.
[2] I note further that the court should accord particular latitude in evaluating the sufficiency of a complaint prepared by a layman. See Downing v. New Mexico State Supreme Court, 339 F.2d 435, 436 (10th Cir. 1964).
[3] I note also that the failure to name a party in the EEOC charge does not deprive the district court of jurisdiction in a subsequent Title VII action, where the party named in the charge adequately represented the interests of the parties not named. See Canavan v. Beneficial Finance Corp., 553 F.2d 860, 865 (3d Cir. 1977), and cases cited therein. Since O'Keefe and Nelson are allegedly agents of the defendant sewage district named in the charge, I will presume that O'Keefe and Nelson may be proper parties to this action, despite the fact that they were not named in plaintiff's charge.
[4] The defendant also claims that the plaintiff's class allegations must be stricken as beyond the scope of the EEOC charge. However, the plaintiff notes that he indicated in his charge that the defendant failed to employ any blacks in the skilled craftworker category, in violation of its own affirmative action plan, and that the defendant concentrated seven of its nine black employees in the service/maintenance categories. I find that the class allegations in the complaint are "reasonably related to" and "grow out of" these aforementioned sections of the EEOC charge to which the plaintiff refers. Accordingly, dismissal of the class allegations on this ground is inappropriate. See id. at 299.