**Mae NELSON and Lloyd Nelson, Plaintiffs-Appellants,**

v.

**Dr. Gerry J. BLACKER; Ft. Collins Orthopedic Associates, P.C., Defendants-Appellees.**

**No. 84CA0146.**

Colorado Court of Appeals, Div. II.

March 21, 1985.

As Modified on Denial of Rehearing April 18, 1985.

Kenneth K. Frank, Fort Collins, for plaintiffs-appellants.

Johnson, Mahoney & Scott, P.C., Brian J. Lampert, Collie E. Norman, Denver, for defendants-appellees.

KELLY, Judge.

In this negligence action, plaintiffs, Mae and Lloyd Nelson, appeal, arguing that the trial court erroneously dismissed their complaint against defendants, Dr. Gerry Blacker and Fort Collins Orthopedic Associates, P.C. We reverse.

Plaintiff Mae Nelson alleges that she received negligent medical care when defendant Blacker gave her an injection of mineral oil instead of the required Xylocaine anesthetic on August 9, 1979. Plaintiffs contacted an attorney immediately after her injury. Shortly thereafter, defendant Blacker entered into a stipulation agreeing to accept service at the Fort Collins Orthopedic Associates office. Plaintiffs filed the complaint on August 7, 1981, two days before the expiration of the two-year statute of limitations.

The register of actions shows that a notice of dismissal was filed on March 3, 1983. On April 15, 1983, plaintiffs filed a motion to allow service of process on defendant and to amend their complaint, which motion the trial court granted. The complaint was amended, and service on the defendants was completed within the time allowed by the trial court. A month later, defendants filed a motion to dismiss. The trial court granted this without a hearing and dismissed the action with prejudice.

Plaintiffs argue that the trial court could not properly dismiss the complaint under either C.R.C.P. 41(b) or 3(a). We agree.

■ Pursuant to C.R.C.P. 41(b)(2), the trial court has discretion to dismiss an action for failure to prosecute with due diligence after reasonable notice. *Schleining v. Sunday,* 163 Colo. 424, 431 P.2d 464 (1967). A motion to dismiss on these grounds should not be granted if the plaintiff resumes the diligent prosecution of his claim, even though, at some prior period of time, he may have been guilty of gross negligence. *Farber v. Green Shoe Mfg. Co.,* 42 Colo.App. 255, 596 P.2d 398 (1979). Dismissal with prejudice is a drastic sanction to be applied only in extreme situations. *Tell v. McElroy,* 39 Colo.App. 431, 566 P.2d 374 (1977).

■ Here, when the court allowed an additional time period within which the plaintiffs were to effect service and amend the complaint, it implicitly ruled that a reasonable time period for service and action on the complaint had not yet expired. Otherwise the plaintiffs' motion should have been denied. Plaintiffs met the time deadline imposed by the trial court order, and no subsequent events provided a basis for dismissal under C.R.C.P. 41(b).

Plaintiffs further argue that service of process was obtained within a reasonable time and that reasonableness is the only time requirement imposed by C.R.C.P. 3(a). We agree.

■ Under the rule, a civil action is commenced by the filing of a complaint with the court or by service of summons, and if the action is commenced, as here, by filing the complaint, the time period within which process must thereafter be effected is unspecified. While an action may pend indefinitely on the filing of the complaint alone, *Kingsley v. Clark,* 57 Colo. 352, 141 P. 464 (1914), if its status is challenged by the administrative action of the court or by motion to dismiss, then a showing must be made to justify the delay in effecting service of process.

■ Here, it is undisputed that the defendant had actual notice an action was contemplated, having stipulated to accept service of process. The plaintiff was still receiving treatment from the defendant and she entertained doubt about the quality of the doctor-patient relationship if process were obtained. The trial court granted the plaintiffs an extension of time in which to amend their complaint and serve process, and they complied in a timely manner. Under these circumstances, we hold that service of process was achieved within a reasonable time after the filing of the complaint, and the trial court erred in dismissing the complaint.

The judgment is reversed and the cause is remanded with directions to reinstate the complaint as to these defendants, and for further proceedings.

BERMAN and VAN CISE, JJ., concur.