June Elga WACHTER, Plaintiff,

v.

**DENVER NATIONAL BANK, Chairman of the Board of Affiliated Bankshares of Colorado, Inc., J. Wayne Hutchens, Steven Barnett, Dee Steliotes, Deborah L. Dreiling, and Doris Dreiling, Defendants.**

Civ. A. No. 89–C–2069.

United States District Court,
D. Colorado.

Sept. 12, 1990.

June Elga Wachter, Denver, Colo., pro se.

William A. Huston, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Pro se plaintiff June Elga Wachter commenced this suit seeking damages for alleged violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* Currently pending are defendants' motions to dismiss and for summary judgment. Plaintiff has responded by opposing the motions.[1]

The parties have briefed the issues and oral argument would not materially assist the decision process. Jurisdiction is alleged to exist pursuant to 28 U.S.C. § 1331.

This suit concerns a wire transfer of funds made by Denver National Bank ("the bank") for the plaintiff. On December 1, 1988, the plaintiff paid $153.42 in cash to the bank for a $143.42 wire transfer to California. Bank personnel initiated the transfer and the funds were received in California that same day. Plaintiff later requested confirmation from the bank that the funds had reached their intended destination. The bank provided the plaintiff a copy of the actual wire transfer, and then confirmed and orally notified her that the transfer had been received. The bank followed oral confirmation with a copy of a letter from the recipient California bank confirming that the transferred funds indeed had reached the person intended. Still dissatisfied, the plaintiff traveled to California and confirmed that the funds appropriately had been transferred.

■ I have read the parties' briefs and have fully considered their arguments. Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] A complaint is not subject to dismissal pursuant to Rule 12(b)(6) unless it appears to a certainty that no relief can be granted under any set of facts that can be proven in support of its allegations. *Jones v. Metro. Denver Sewage Disposal Dist. No. 1,* 537 F.Supp. 966, 969 (D.Colo.1982). Plaintiff's allegations and claim for relief are based solely on alleged violations of the Electronic Fund Transfer Act ("the Act"), 15 U.S.C. § 1693 *et seq.* Therefore, the question whether the Act applies here to provide the plaintiff grounds for relief controls my decision.[3]

---

1. Plaintiff urges the court to strike the defendants' motion and supporting affidavit because process has not been served. Plaintiff admits, however, that summonses and complaints were mailed to all defendants on November 30, 1989. (Plaintiff's motion to strike illegal motion, p. 2.) Defendants confirm that neither insufficiency of process nor insufficiency of service of process are issues here. (Defendants' reply to plaintiff's motion to strike, p. 1.) Accordingly, both process and service of process are presumed to be adequate.

2. Defendants motion is entitled "Motion to Dismiss for Failure to State a Claim Pursuant to Rules 12(b)(5) and 56...." As noted, insufficiency of service of process is not an issue. Accordingly, this motion is treated as a Rule 12(b)(6) motion.

3. I note at the outset that there are no disputed issues of fact in this case.

■ The Act's intended scope is clarified by its legislative history and by case law. The Act was designed to create rights for consumers in an era in which banking could be conducted almost exclusively through machines. S.Rep. No. 915, 95th Cong., 2d Sess. at 3, *reprinted in* 1978 U.S.Code Cong. & Admin.News at 9273, 9405. The absence of personal contact was seen as a disadvantage in an automated system that is much more vulnerable to fraud, embezzlement and unauthorized use than traditional payment methods. *See Kashanchi v. Texas Commerce Medical Bank, N.A.*, 703 F.2d 936, 940 (5th Cir.1983), *quoting* H.R.Rep. No. 1315, 95th Cong., 2d Sess. 2 (1978). The Act was passed to alleviate this concern and "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic transfer systems." 15 U.S.C. § 1963. Accordingly, liability under the act is predicated on a finding that an electronic fund transfer has occurred. *Spain v. Union Trust*, 674 F.Supp. 1496, 1498 (D.Conn.1987).

■ The Act defines "electronic fund transfer," in relevant part, as:

"any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone." 15 U.S.C. § 1693a(6).

Thus, two requirements must be met to qualify a transaction as an electronic fund transfer: (1) it must be initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape, and (2) it must order, instruct or authorize a financial institution to debit or credit an account.

■ Whether the first requirement is satisfied depends in part on who initiated the transfer, the financial institution or the consumer. *Spain*, 674 F.Supp. at 1498–1500. A bank's use of an electronic device merely to process a transaction internally does not constitute an electronic funds transfer within the Act's meaning. *Id.; see also* Federal Reserve Official Staff Commentary Q2–25, *republished in* 12 C.F.R. Part 205, Supp. II, at 119 (definition of "electronic terminal" does not include computer equipment used internally by bank to process transfers). Rather, the Act's focus is upon consumer-initiated or consumer-authorized transfers where electronic devices are utilized in place of face-to-face banking transactions. *Spain*, 674 F.Supp. at 1500. The presence of personal contact with bank personnel who intercede between a consumer and the electronic device used to facilitate a transaction removes that transaction from the scope of the Act. *Id.*

■ The transfer here does not fit the definition of "electronic fund transfer." First, the transfer was not initiated through an electronic device as defined by the Act. Instead, the plaintiff initiated her wire transfer through contact with the bank's personnel. The face-to-face nature of this personal banking transaction removes it from the scope of the Act's coverage. The fact that the bank used an electronic device to process the transfer internally does not change the result. *See* Federal Reserve Official Staff Commentary, *supra; Spain*, 674 F.Supp. at 1499.

Second, the plaintiff's transfer did not order, instruct or authorize the bank to debit or credit an account. Because the Act was designed to protect consumers, the only reasonable interpretation would apply it only to debits or credits of the *consumer's* accounts. *Spain*, 674 F.Supp. at 1499. Here the plaintiff paid for her wire transfer with cash. Her account at the bank, if any, was not debited, and the account at the California bank credited with the wire transfer was not the plaintiff's.

For the reasons stated, I find and conclude that the Act does not apply to the instant wire transfer. Plaintiff's claims are based solely on alleged violations of the Act. While the plaintiff may complain about the way her transfer was handled, it

appears to a certainty that no relief can be granted under any set of facts that could be proven in support her complaint's allegations. Therefore, the plaintiff has failed to state a claim upon which relief can be granted and this suit must be dismissed.

Accordingly, IT IS ORDERED that:

(1) the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.

(2) the defendants' motion for summary judgment is denied as moot.

(3) the plaintiff's motion to strike the defendants' motion to dismiss and supporting affidavit is denied.

(4) the plaintiff's complaint and action are dismissed.

Each party shall bear his, her or its own costs.