Paul Edward JOHNSON, II, Plaintiff,

v.

N.T.I., A DIVISION OF COLORADO SPRINGS CIRCUITS, a Colorado corporation, Defendant.

Civ. A. No. 95–K–1395.

United States District Court, D. Colorado.

Sept. 21, 1995.

L. Dan Rector, Colorado Springs, CO, for Plaintiff.

Craig Cornish, Cornish & Dell'Olio, Colorado Springs, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

N.T.I., a division of Colorado Springs Circuits, a Colorado corporation, moves to dismiss the case brought against it by Paul Edward Johnson II. Johnson seeks relief against N.T.I., his former employer, arising out of his discharge on March 31, 1994.

Johnson filed a complaint in the Colorado District Court, County of El Paso on December 14, 1994. N.T.I. removed the case to this court on May 31, 1995 and filed a motion to dismiss the complaint. Johnson filed an amended complaint and N.T.I. renewed its motion to dismiss.

Johnson seeks relief under (1) Title VII and (2) common law (breach of contract/promissory estoppel). Jurisdiction over the Title VII cause of action exists under 28 U.S.C. § 1331. Supplemental jurisdiction exists over the state law claim for breach of contract/promissory estoppel. N.T.I. seeks dismissal of the complaint for failure to effect service in a timely fashion and of both claims for failure to meet the pleading requirements of Federal Rules of Civil Procedure 8(a) and 12(b)(6).

### I. *Background.*

On March 31, 1994, Johnson was discharged from his employment with Colorado Springs Circuits, Inc. In his amended complaint, Johnson alleges he was discharged for reasons including but not necessarily limited to discrimination based upon race, to the extent that he was replaced by one or more minority individuals, for the purpose of recti-

fying a racial imbalance within the company. Johnson claims his discharge occurred despite his good work performance. He maintains the behavior of N.T.I., through its agents, supervisors, and employees was willful, wanton and malicious in that its attempts to justify his termination, referring to it as "restructuring," were pretextual.

Johnson further asserts on or about April 17, 1994, he filed a charge of discrimination under the Americans with Disabilities Act with the Equal Employment Opportunities Commission ("EEOC") and later received a right to sue letter. He later decided not to pursue an action based upon that act as he believes, following the EEOC investigation, the basis for his discharge was race.

Johnson's second claim for relief alleges his discharge was wrongful as it did not comply with the procedures and practices established by N.T.I. The amended complaint alleges in conclusion as a proximate result of Johnson's wrongful discharge from N.T.I., he has suffered damages including, but not limited to, loss of income, loss of employment opportunity, future wage loss and/or diminished earning capacity, mental anguish and suffering, and other compensatory damages.

N.T.I. requests dismissal of this action in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(4), (5) and (6). N.T.I. claims Johnson failed to perfect process or service of process, delayed the service of the summons and complaint on N.T.I. for five months during which there were no communications between the parties.

N.T.I. asserts Johnson's claim that he was wrongfully discharged for "failure to comply with the procedures and practices established by N.T.I. ...." identifies no legal theory and thus should be dismissed for failure to meet the pleading requirements set forth in Rule 8(a). N.T.I. also claims Johnson's request for relief based upon "a violation of Title VII" should be dismissed because he fails to allege he filed a complaint with the EEOC asserting he was discharged based on his race. N.T.I., therefore also requests dismissal of the complaint because it fails to allege Johnson complied with the administra-tive prerequisite to bringing a Title VII claim.

## II.  *Applicable Standards for Motion to Dismiss.*

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgement for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed.R.Civ.P. 8(a).

Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted.

Fed.R.Civ.P. 12(b)(4), (5), (6).

In ruling on a motion to dismiss for failure to state a cause of action under Rule 12(b)(6), all factual allegations must be accepted as true and all reasonable inferences must be drawn in favor of the pleader. *Williams v. Meese,* 926 F.2d 994, 997 (10th Cir.1991). A claim should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan.,* 927 F.2d 1111, 1115 (10th Cir.1991).

## III.  *Merits.*

a.  *Service of Process.*

N.T.I. claims Johnson failed to perfect service of process because he delayed five months in serving the summons and complaint on it. During this period, there were no communications between the parties. N.T.I. maintains this violates Federal Rule of Civil Procedure 4(m) which requires the

court to dismiss an action which has not been served on the defendant within 120 days after the filing of the complaint.

■ N.T.I. argues if the Colorado Rules of Civil Procedure for determining the sufficiency of the service of process applies, the motion to dismiss should still be granted. It states the Colorado Court of Appeals has construed the open ended service provision contained in Colorado Rule of Civil Procedure 3(a) as requiring service within a reasonable time. *Nelson v. Blacker,* 701 P.2d 135, 137 (Colo.App.1985). If a delay in service is challenged, "a showing must be made to justify the delay in effecting service of process." *Id.* N.T.I. asserts the 150–day delay from the date of filing the complaint to the date of service of process is unreasonable and not in compliance with Colorado Rule 3(a).

■ The first issue regarding the sufficiency of the service of process is whether the Federal or Colorado Rules of Civil Procedure apply. In determining the validity of service before removal, a federal court must apply the law of the state under which the service was made. 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1082 (1987) "The issue of the sufficiency of service of process prior to removal is strictly a state law issue." *Lee v. City of Beaumont,* 12 F.3d 933, 937 (9th Cir.1993). Therefore, Colorado Rule 3(a) applies in determining the sufficiency of the Johnson's service of process.

In *Nelson v. Blacker,* 701 P.2d 135 (Colo. App.1985), the plaintiffs argued the trial court erroneously dismissed their complaint against the defendants with prejudice. *Id.* at 135. The appeals court found the "defendant had actual notice an action was contemplated, having stipulated to accept service of process." *Id.* at 137. The court held "service of process was achieved within a reasonable time after the filing of the complaint, and the trial court erred in dismissing the complaint." *Id.* at 137. "Dismissal with prejudice is a drastic sanction to be applied only in extreme situations." *Id.* at 137.

As in *Nelson,* N.T.I. had actual notice an action was contemplated by Johnson's EEOC complaint. With this in mind, Johnson's service of process is reasonable. The drastic sanction of dismissal will not be applied.

b. *Rule 8(a).*

(i) *Breach of Contract/Promissory Estoppel Claim.*

■ N.T.I. contends Johnson's claim that he was wrongfully discharged for "failure to comply with the procedures and practices established by N.T.I." contains no legal theory upon which this claim is predicated. It points out the claim does not identify which "procedures or practices" were not complied with. N.T.I. relies on *Leatherman v. Tarrant County Narcotics Unit,* which reiterated the Rule 8(a)(2) requirement that a complaint include a short and plain statement "'that will give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests.'" —— U.S. —— at ——, 113 S.Ct. 1160 at 1163, 122 L.Ed.2d 517 (1993) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). N.T.I. concludes Johnson must at least fairly identify his legal theory and the facts which support the claim to relief under that theory.

The complaint asserts Johnson's discharge on March 31, 1994, was wrongful because it did not comply with the procedures and practices established by N.T.I. This gives the "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* Accordingly, the complaint meets the "short and plain statement" requirement of Rule 8(a), while giving N.T.I. fair notice of what Johnson's claim consists.

N.T.I.'s interpretation of *Leatherman* as stating a plaintiff must identify a legal theory in his complaint is incorrect. "A pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. It is not necessary to set out the legal theory on which the claim is based." *Siegelman v. Cunard White Star Ltd.,* 221 F.2d 189, 196 (2nd Cir.1955).

■ While "[t]he pleading standard set by Rule 8(a)(2) does not change from case to case ... what constitutes sufficient notice to enable a defendant to formulate a responsive pleading does change from case to case."

*Houston v. Mile High Adventist Academy,* 846 F.Supp. 1449, 1454 (D.Colo.1994) (quoting *Mountain View Pharmacy v. Abbott Lab.,* 630 F.2d 1383, 1386–87 (10th Cir.1980).) The more complex the case, the more detail is required. *Id.* The present case is not very complex; it does not demand much detail. Johnson's complaint could be more artfully drawn, but meets the pleading requirements in Rule 8(a).

### (ii) *Title VII Claim.*

■ Pleading requirements in Title VII actions are governed as well by Rule 8(a). *Jones v. Metropolitan Denver Sewage Disposal District No. 1,* 537 F.Supp. 966, 969 (D.Colo.1982). Rule 8(a)(2) requires that "(a) pleading sets forth a claim for relief ... contain ... a short and plain statement of the claim showing that a pleader is entitled to relief." This portion of Rule 8 indicates the federal rules' objective of avoiding technicalities and requiring the pleading provide fair notice to the opposing party of the nature and basis or grounds of the claim and a general indication of the type of litigation involved. *Id.* at 969.

■ N.T.I.'s brief in support of its motion to dismiss cites *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which states in a private, non-class-action complaint under Title VII charging racial employment discrimination, the complainant has the burden of establishing a prima facie case, which he can satisfy by showing that "(i) he belongs to a racial minority; (ii) he applied and was qualified for a job the employer was trying to fill; (iii) though qualified, he was rejected; and (iv) thereafter the employer continued to seek applicants with complainant's qualifications." *Id.* at 802, 93 S.Ct. at 1824.

In *McDonnell,* Green's complaint to the EEOC dealt with allegations that McDonnell discriminated against Green in not rehiring him. The facts of this case, however, concern alleged discriminatory termination.

■ In *Davies v. Philip Morris, USA,* the purpose of the three-step framework in *McDonnell* was said to provide a basic "order of presentation of proof" so the controversy can be brought into focus. 863 F.Supp. 1430, 1438 (D.Colo.1994). It was never intended to provide a mechanistic approach to what ultimately becomes a straightforward trial about motive. *Id.* To prevail on a claim of discrimination under Title VII, a plaintiff must prove, either directly or indirectly, that race was a motivating factor for the employment action complained about. *Id.* at 1437.[1]

The standard in *McDonnell* concerns questions of proof, rather than what allegations need be made in a Title VII complaint to withstand a motion to dismiss.

Johnson's Title VII claim states he was discharged because of his race to the extent that he was replaced by one or more minority individuals to make up for a racial imbalance within the company, and despite his good work performance up to that point. This provides N.T.I. fair notice of the nature and basis of the claim and gives a general indication of the type of litigation involved. Johnson's Title VII claim meets the pleading requirements set forth in Rule 8(a).

### c. *Rule 12(b)(6).*

■ The purpose of a motion under 12(b)(6) is to test for the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. Thus, the provision must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Only when the pleading fails to meet this liberal standard is it subject to dismissal under Rule 12(b)(6). Wright & Miller, *supra,* § 1356 (footnotes omitted); *Wooldridge Homes, Inc. v. Bronze Tree, Inc.,* 558 F.Supp. 1085, 1089 (D.Colo. 1983).

---

1. Although *Davies* dealt with a claim of sex discrimination under Title VII, its analysis is pertinent to a Title VII race discrimination claim.

Review is limited to whether the claim has been adequately stated; one may not consider the merits. I have already determined Johnson's claims are sufficiently stated under Rule 8.

"A claim should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief." *Ambraziunas v. Bank of Boulder*, 846 F.Supp. 1459, 1462 (D.Colo.1994). Here, it is not beyond doubt that Johnson can prove no set of facts which would entitle him to relief. Therefore, N.T.I. is not entitled to dismissal under Rule 12(b)(6).

### d. *Administrative Prerequisite.*

N.T.I. requests dismissal of the Title VII claim because the complaint fails to allege Johnson complied with the administrative prerequisite to bringing such a claim. N.T.I. notes the complaint seeks Title VII relief on the ground that Johnson was discharged because of his race, but fails to allege a complaint was filed with the EEOC on the basis of race. In the complaint, Johnson alleges on or about April 17, 1994, he filed a charge of discrimination under the Americans with Disabilities Act with the EEOC and later received a right to sue letter.

"In order to bring a private employment suit under Title VII, a plaintiff must, as a precondition, have a "right to sue" letter from the EEOC, which issues only after administrative investigation and negotiation." *Jiron v. Sperry Rand Corporation*, 423 F.Supp. 155, 158 (D.Utah 1975). In *Jiron*, Defendant Sperry Rand filed a motion to dismiss arguing the charge filed with the Industrial Commission and with the EEOC did not include allegations of racial or national origin discrimination or claims of lay-off discrimination. *Id.*

The standard by which courts have evaluated such disputes is set out in *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir.1970). There, the court stated "'the "scope" of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Id.* at 159 (quoting *Sanchez* 431 F.2d at 466). The *Jiron* court held that in accordance with most courts' liberal application of the Sanchez standard, "to satisfy that the scope of the administrative charge must be substantially identical to the scope of the judicial complaint, the plaintiffs need not show that specific claims now made were actually investigated by the EEOC or state agency, but only that they are 'reasonably related' to those initial charges." *Id.* at 159.

Johnson asserts his claim filed with the EEOC dealt with allegations of racial bias, which were responded to specifically by Defense counsel before the EEOC. In Johnson's response to N.T.I.'s motion to dismiss, he states he decided not to pursue an allegation based upon the Americans with Disabilities Act, as he has reviewed the EEOC file, and believes his discharge to be based upon race. Therefore, Johnson's present claim of race discrimination is reasonably related to his initial charges in the EEOC complaint and his complaint meets the liberal "reasonably related" standard for a Title VII claim.

### IV. *Conclusion.*

For the aforesaid reasons, I deny the motion to dismiss.