Loretta PADRON, Plaintiff,

v.

WACKENHUT SERVICES, LLC. and Ronald Derr, Defendants.

No. Civ.A.99–K745.

United States District Court, D. Colorado.

Aug. 5, 1999.

---

Dynelle M. Tadlock, Boulder, CO, for plaintiff.

John W. Gaddis, Bernard, Lyons & Gaddis, Longmont, CO, Dennis W. Brown, Stacy A. Carpenter, Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Plaintiff Loretta Padron initiated this action against Defendants Ronald Derr and Wackenhut Services alleging sexual harassment and retaliation, breach of contract, and intentional infliction of emotional distress/outrageous conduct. Defendants move to dismiss Plaintiff's third claim for outrageous conduct pursuant to Fed. R.Civ.P. 12(b)(6).[1]

Padron is a female employee of Wackenhut who claims she was sexually harassed and assaulted by her co-worker Ronald Derr. According to Padron, Derr, in addition to other inappropriate acts, exposed himself to her, touched her face and ear with his penis, and grabbed her breasts. When Plaintiff initially reported Derr's actions to Wackenhut, her supervisor allegedly laughed at her and failed to conduct an investigation or discipline the perpetrator. Moreover, when Wackenhut finally did investigate her complaints, she alleges the company leaked confidential information, made jokes about her situation, and retaliated against her for reporting the harassment. Plaintiff asserts Defendants specifically and intentionally meant to cause her severe emotional distress. She seeks compensation for the damages she incurred while working for Wackenhut.

In ruling on a 12(b)(6) motion to dismiss, the court must assume, as true, all factual allegations and draw all reasonable inferences in favor of the pleader. *Johnson, II v. N.T.I., a Div. of Colo. Springs Circuits,* 898 F.Supp. 762, 763 (D.Colo.1995). I must construe the pleadings liberally and note dismissal is appropriate only when it appears plaintiff can prove no set of facts in support of the claims entitling her to relief. *Chemical Weapons Working Group, Inc. v. United States Dep't of the Army,* 111 F.3d 1485, 1490 (10th Cir.1997). Finally,

> [t]he Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim.... Granting defendant's motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleadings but also to protect the interests of justice.

*Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir.1989).

Defendants argue the Colorado Workers' Compensation Act (WCA) is the exclusive remedy for Plaintiff's intentional infliction of emotional distress/outrageous conduct claim, and therefore, must be dismissed. However, the Tenth Circuit permits a separate tort action in cases where the plaintiff shows her injury did not arise out of the employment relationship and the offender's actions were private rather than neutral in nature. Consequently, I deny Defendants' motions to dismiss the third claim.

A. *Because Plaintiff Alleges The Sexual Harassment Was Specifically Directed Towards Her, It Is Possible She May Show The Offending Acts Were Not Neutral In Nature, And Therefore, Not Covered By The WCA.*

 Defendants base their motion to dismiss on the rule that the WCA pre-

---

1. This motion was set for oral argument at 9:30 a.m. on August 23, 1999 but a review of the briefs and moving papers shows that such argument would be superfluous and it is therefore vacated.

cludes tort recovery by an employee where the employee is eligible for compensation under the Act. In order to prove preclusion applies, the defendants must show (1) at the time of the injury, both the employer and employee are subject to the provisions of articles forty to fifty-four of the Colorado Workers' Compensation Act and the employer has complied with the provisions thereof regarding insurance; (2) at the time of the injury, the employee is performing services arising out of and in the course of her employment; (3) the injury is proximately caused by an injury arising out of and in the course of her employment and is not intentionally self-inflicted. *In re Question Submitted by the United States Court of Appeals for the Tenth Circuit,* 759 P.2d 17, 19 (Colo.1988). While all parties agree this case meets the first two criteria, Defendants and Plaintiff dispute whether the sexual harassment arose out of Padron's employment.[2]

■ According to Defendants, the WCA's exclusivity provision applies because the sexual harassment Padron experienced was neutral in force and resulted from the employment relationship.[3] To support their position, Defendants recite the "positional-risk," or "but for" test which states, "[a]n injury arises out of

employment if it would not have occurred but for the fact that the conditions and obligations of the employment placed claimant in the position where he was injured." *Id.* at 20. Although Defendants apply the correct test, their assertion that Padron's alleged assault satisfies this test is conclusory and lacks sufficient proof to warrant dismissal. In fact, Defendants are mistaken when they argue Plaintiff's failure to assert she had a "private relationship" with Derr, along with the admission that her injuries occurred at work and by a co-worker, necessarily mean she cannot introduce evidence showing the assault was private and personal in nature.[4] (Def. Wackenhut's Reply Supp. of Mot. To Dismiss at 8.)

As I stated in *Johnson II v. N.T.I. a Division of Colorado Springs Circuits,* 898 F.Supp. 762, 765 (D.Colo.1995), under Rule 12(b)(6), a plaintiff does not have to articulate her legal theory and the facts supporting the claim to relief under that theory. Therefore, Padron's argument that Derr's actions were not neutral because he specifically intended to assault her, is sufficient to withstand this motion to dismiss.

Defendants also argue, however, that even if Plaintiff can show she was specifically targeted, *Fry* and *Rendon* negate her

2. According to *In re Question,* the method for determining whether Plaintiff's injuries arose out of her employment requires the court to analyze whether a sufficient nexus exists between the employment and the injury. To assist this process, the Colorado Supreme Court divided intentional assaults into three categories: (1) those that have some inherent connection with the employment, such as disputes related to job duties; (2) those that are inherently private; (3) those that are "neutral," i.e those that are irrational or blind in nature and caused injury to the plaintiff because she happened to be at a particular place at a particular time. While injuries occurring in categories one and three arise out of employment, those occurring in category two do not. *In re Question,* 759 P.2d at 23.

3. *In re Question* explains the concept of a neutral attack with this analogy: There is a marked distinction between the holdup in which the robber says to himself, "I'm going to track down Henry Davis wherever he may

be and steal the gold watch which I know he has," and the holdup in which the robber says, "I am going to rob whoever happens to be on duty as night watchman at the Consolidated Lumber Company, or whoever happens to come down the dark path from the rear gate." The latter is not really personal to the victim at all. *In re Question,* 759 P.2d at 24.

4. According to Defendant Wackenhut, *Fry v. Airline Pilots Association International,* 88 F.3d 831 (10th Cir.1996) states if a plaintiff does not allege the offending act arose out of a "private relationship," then *Rendon v. United Airlines,* 881 P.2d 482 (Colo.App.1994) and *In re Question* are controlling. However, because Defendant here, and throughout his reply brief, fails to cite the page numbers in the cases cited, I can only speculate as to where the information is located. In this particular instance, I assume Defendant is referring to *Fry,* 88 F.3d 831, 839. After examining this section, I conclude the Defendant misstates the *Fry* court's holding on this matter.

argument that such specificity makes the sexual harassment private rather than neutral. (Def. Wackenhut's Reply Supp. of Mot. To Dismiss at 6–7.) Defendants note both *Fry* and *Rendon* held the harassment those plaintiffs encountered arose out of their employment even though they were specific targets. While it is true *Fry* and *Rendon* assert that targeting a specific individual does not, by itself, make the assault private, Defendants overstate the breadth of these holdings. Contrary to Defendants' statements, *Fry* and *Rendon* do not automatically reject a plaintiff's argument that where she is specifically or exclusively targeted, the forces are not neutral. Instead, *Fry* explicitly acknowledges the Colorado Supreme Court's ruling that, "[w]hether the injury 'arises out of' and is 'in the course' of employment depends on an examination of the totality of the circumstances." *Fry*, 88 F.3d at 839. Consequently, it is not surprising there are several Tenth Circuit cases where plaintiffs have proved acts specifically targeted at them were not neutral in nature. *See, e.g., Stamper v. Hiteshew*, 797 P.2d 784, 785–86 (Colo.App.1990); *Ferris v. Bakery, Confectionery and Tobacco Union, Local 26*, 867 P.2d 38, 42 (Colo. App.1993), *cert denied*, Colo. Jan. 31, 1994. In *Ferris*, for example, the court noted

> Ferris presented evidence strongly supporting a finding that the Union's acts were specifically targeted at her and not neutral in nature. Moreover, as in *Patel*, the evidence implies that Valdez specifically chose Ferris as his victim, unlike the circumstances in *In re Question*, where the plaintiff was the victim of a rape and where the parties agreed there was no private motivation for the attack. Thus, as in *Stamper*, there exists a genuine factual controversy regarding the requisite degree of job relatedness for workers' compensation coverage, and the trial court erred in dismissing plaintiff's claims on this ground.

*Ferris*, 867 P.2d at 38. Similar to Ferris, Padron alleges Derr specifically targeted her when he stuck his penis in her face and ear. (Pl.'s Compl. at 8.) The very utterance of these allegations suggest they are personal and private in nature. Thus, it does not appear Padron can prove no set of facts entitling her to relief, and dismissal is inappropriate.

### V. *Conclusion*

For the above reasons, I DENY Defendant Wackenhut's Motion to Dismiss and Defendant Ronald Derr's Motion to Dismiss the Amended Complaint.