Beth A. STAMPER, Plaintiff–Appellant,

v.

Donald HITESHEW, d/b/a Colorado
Springs Optical Company,
Defendant–Appellee.

No. 89CA0476.

Colorado Court of Appeals,
Div. I.

April 12, 1990.

Rehearing Denied May 3, 1990.

Certiorari Denied Sept. 24, 1990.

Elvin L. Gentry, P.C., Elvin L. Gentry, Colorado Springs, for plaintiff-appellant.

Sherman & Howard, Raymond M. Deeny, Glenn A. Schlabs, Colorado Springs, for defendant-appellee.

Opinion by Judge PIERCE.

Plaintiff, Beth A. Stamper, appeals that part of the summary judgment dismissing her state claims as barred by the exclusivity provisions of the Workmen's Compensation Act (Act), § 8–40–101, et seq., C.R.S. (1986 Repl.Vol. 3B). We reverse.

This action arises from plaintiff's employment with Colorado Springs Optical Company, a company owned by defendant, Donald Hiteshew. In her complaint, plaintiff asserts that Hiteshew, as her employer, personally engaged in acts of sexual harassment, sexual discrimination, wrongful and constructive discharge, civil assault and battery, and outrageous conduct against her. These claims are based on

several alleged incidents when Hiteshew physically harassed plaintiff by touching her buttocks and rubbing his body against her. He also allegedly made harassing and obscene verbal statements to her. All of these incidents occurred at the place of employment while plaintiff was performing her job duties during regular employment hours. As a result of the incidents, plaintiff felt compelled to leave her employment with the company.

Plaintiff contends that the trial court erred in ruling that she was barred from suit under the exclusivity provisions of the Act. We agree.

If an injury is compensable under the Act, an employee's remedy under the Act is exclusive and precludes common law actions against the employer. Sections 8–42–102 and 8–43–104, C.R.S. (1986 Repl.Vol. 3B).

In order for an injury to be compensable under the Act, a sufficient nexus must exist between the employment and the injury. *Perry v. Crawford & Co.*, 677 P.2d 416 (Colo.App.1983). An injury is compensable under the Act:

"(a) Where, at the time of the injury, both employer and employee are subject to the provisions of said articles and where the employer has complied with the provisions thereof regarding insurance;

(b) Where, at the time of the injury, the employee is performing service arising out of and in the course of his employment;

(c) Where the injury or death is proximately caused by an injury or occupational disease arising out of and in the course of his employment and is not intentionally self-inflicted." Section 8–52–102(1), C.R.S. (1986 Repl. Vol. 3B).

In other jurisdictions an exception to the exclusivity remedy provisions of workers' compensation law has been carved out by case law for intentional wrongs committed by an employer or one acting on his behalf. *See* 2A A. Larson, *Workmen's Compensation Law* § 68.00 at 13–1 (1989). However, because the injuries at issue, here, have not been factually determined to have the requisite degree of job relatedness for coverage under the Act, we do not address whether such an exception exists under Colorado workmen's compensation law.

Here, it is uncontested that § 8–52–102(1)(a) and (b) have been met. Furthermore, no dispute has been raised as to whether plaintiff's injuries were incurred "in the course of" her employment as required under § 8–52–102(1)(c). This requirement refers to the time, place, and circumstances under which the injury occurred. *See Deterts v. Times Publishing Co.*, 38 Colo.App. 48, 552 P.2d 1033 (1976).

Thus, the sole issue on appeal is whether plaintiff's injuries arose out of her employment obligations. The phrase "arises out of" appearing in § 8–52–102(1)(c) refers to the causal connection between the work conditions and the injury. *Irwin v. Industrial Commission*, 695 P.2d 763 (Colo.App.1984).

Intentional assaults can generally be divided into three categories: (1) those that have some inherent connection with the employment, such as disputes related to job duties or where work creates certain relations and conditions which result in the dispute; (2) those that are inherently private; and (3) those that are "neutral." *In re Question Submitted by U.S. Court of Appeals*, 759 P.2d 17 (Colo.1988).

If the injury does not have an inherent connection with employment, a "positional-risk" or "but for" test is to be applied to determine whether a sufficient nexus exists between the injury and the employment such that the injury is deemed to have "arisen out of" the employment. *In re Question Submitted by U.S. Court of Appeals, supra.* Under the positional-risk test:

"[a]n injury arises out of the employment if it would not have occurred *but for* the fact that the conditions and obligations of the employment placed claimant in the position where he was injured.

.    .    .    .    .

"This theory supports compensation . . . [in situations where] the only connection

of the employment with the injury is that its obligations placed the employee in the particular place at the particular time when he was injured by some neutral force, meaning by 'neutral' neither personal to the claimant nor distinctly associated with the employment." 1 A. Larson, *Workmen's Compensation Law* § 6.50 at 3–6 (1989).

A neutral force is one which is blind or irrational in nature, having been applied against the employee solely because the employee happened to be at a particular place at a particular time. *In re Question Submitted by U.S. Court of Appeals, supra.*

■■■ Here, the evidence strongly supports a finding that Hiteshew's acts were specifically targeted at plaintiff and not neutral in nature. Under such circumstances, her claims could not be characterized as having arisen out of her employment. Thus, there exists a genuine factual controversy regarding the requisite degree of job relatedness for workmen's compensation coverage, and the trial court erred in dismissing plaintiff's state claims.

Given our disposition of the foregoing issue, we do not address plaintiff's remaining contentions.

That part of the summary judgment dismissing plaintiff's state claims is reversed, and the cause is remanded with instructions that the trial court reinstate that part of plaintiff's complaint.

PLANK and SILVERSTEIN,* JJ., concur.