**Nestor HORODYSKYJ and Zoriana M. Morozewych–Horodyskyj, Plaintiffs–Appellants,**

v.

**Richard KARANIAN, individually and as President/Owner of Argus Electric Service, Inc., and Argus Electric Service, Inc., Defendants–Appellees.**

No. 98CA0443.

Colorado Court of Appeals, Div. IV.

Sept. 30, 1999.

Certiorari Granted Aug. 7, 2000.

Knapp & Sachs, P.C., Debra Knapp, Benjamin Sachs, Denver, Colorado, for Plaintiffs–Appellants.

John Kokish, P.C., John Kokish, Brian Kidnay, Castle Rock, Colorado, for Defendants–Appellees.

Opinion by Judge RULAND.

Plaintiffs, Nestor Horodyskyj (employee) and his wife, Zoriana M. Morozewych–Horodyskyj, appeal from the summary judgment in favor of defendants, Richard Karanian (co-employee) and Argus Electric Service, Inc. (employer). Plaintiffs also appeal from the order awarding costs to these defendants. We affirm in part, reverse in part, and remand with directions.

The employee worked as an apprentice electrician. The co-employee was his supervisor. The co-employee was also the owner and president of the employer.

The employee alleged that, during his one year of employment, the co-employee subjected him to sexual harassment amounting to sexual assault and battery, intentional infliction of emotional distress, negligent infliction of mental distress, and invasion of privacy. Based on the theory that the employee was constructively discharged, plaintiffs also alleged a claim for violation of § 24–34–402, C.R.S.1999, which prohibits discriminatory or unfair employment practices.

On behalf of the wife, the complaint alleged claims for loss of consortium based upon the injuries allegedly suffered by the employee. In addition, the claims asserted against the co-employee by both plaintiffs were also asserted against the employer based upon the doctrine of respondeat superior.

As pertinent here, the trial court concluded that the claim for constructive discharge under the Anti–Discrimination Act should be dismissed based upon its finding that the employee's status was "at-will." The court then concluded that the provisions of the Workers' Compensation Act, § 8–40–101, et seq., C.R.S.1999, barred plaintiffs' other claims. Judgment in favor of defendants was therefore granted on the wife's claim for loss of consortium. Defendants were awarded costs in the amount of $6544.65.

### I.

■ We first address and reject plaintiffs' contention that the affirmative defenses based upon the Workers' Compensation Act and the derivative defense based upon co-employee immunity were waived because such were not pleaded in defendants' answer.

■ We agree that both legal theories constitute affirmative defenses. *See Popovich v. Irlando*, 811 P.2d 379 (Colo.1991)(co-employee immunity); *Bigby v. Big 3 Supply Co.*, 937 P.2d 794 (Colo.App.1996)(exclusivity of the Act).

■ Further, under C.R.C.P. 8(c), an affirmative defense may be deemed waived if it is not included in the answer. However, if an affirmative defense is asserted in a motion for summary judgment and responded to without objection, it is deemed incorporated into the answer. *Trujillo v. Farmers Insurance Exchange*, 862 P.2d 962 (Colo.App. 1993).

Here, in their motion for summary judgment, defendants asserted a defense based upon the Workers' Compensation Act to the sexual assault and battery claim. The parties argued the issue as if the defense had been raised against all of the tort claims.

In addition, while the doctrine of co-employee immunity was not referenced by name in the summary judgment submissions, this doctrine was obviously relied upon by the trial court in its ruling.

Under these circumstances, we view the issues as appropriate for review by this court.

## II.

Plaintiffs contend that the trial court erred in ruling that the employee was barred from pursuing his tort claims against the employer and the co-employee because the Workers' Compensation Act (Act) provides the exclusive remedy. We agree as to the claims against the co-employee only.

### A.

■ For injuries arising out of and in the course of employment, an employee surrenders any right to claim damages from the employer except for the remedies granted by the Workers' Compensation Act. Section 8–41–104, C.R.S.1999; *see also* § 8–41–102, C.R.S.1999. The Act represents à legislative decision to establish exclusive remedies for injuries that are covered by that legislation. *Colorado Compensation Insurance Authority v. Baker*, 955 P.2d 86 (Colo.App.1998).

A ruling that bars an employee's civil action in tort against an employer may seem to produce an unfair result in some circumstances. However, such a suit is barred only to the extent the employee is entitled to benefits under the Act, without regard to fault. The supreme court has described the purpose of the Act in providing benefits without regard to fault as "highly remedial and beneficent." *In re Question Submitted by U.S. Court of Appeals*, 759 P.2d 17, 26 (Colo. 1988).

■ A determination whether the injury "arose out of" and "in the course of" the plaintiffs' employment requires resolution of separate issues. *Popovich v. Irlando, supra.* The two terms are not necessarily synonymous. *In re Question, supra.*

Here, it is undisputed that the intrusive physical touching and offensive comments attributed to the co-employee occurred "in the course of" the employment. The more difficult issue was whether the acts "arose out of" that employment.

■ An injury "arises out of" employment when there is a causal connection between the work conditions and the injury. To determine if the causal connection is sufficient,

we must apply the "positional-risk," or "but for" test. *See In re Question, supra.*

In applying the positional-risk test, the supreme court has divided willful assaults by co-employees into three categories: (1) those assaults that have some inherent connection with the employment, such as those resulting from a dispute about job duties or performance; (2) those assaults that are inherently private, such as those resulting from the claimant's domestic or private life that are imported into the workplace; and (3) those assaults that are neither, and may therefore be described as "neutral." *See In re Question, supra.* The court has used the same three categories in analyzing a claim of intentional infliction of emotional distress resulting from sexual harassment by a co-employee. *See Popovich v. Irlando, supra.*

The supreme court in *In re Question, supra*, recognized that a willful assault on an employee by a co-worker falls in the first category to the extent a dispute arises out of enforced contacts which result from the duties of the job. Such assaults therefore arise out of the employment.

Of importance here, the court further determined that a dispute may be deemed to arise out of the employment relationship, even if the dispute does not center upon work-related issues or otherwise have an inherent connection with employment. *See In re Question, supra* (fn. 8). The resulting injuries are compensable under the Act because the work brought the employees together and created the relation and conditions resulting in the dispute. *See also Moorhead Machinery & Boiler Co. v. Del Valle*, 934 P.2d 861 (Colo.App.1996).

Having analyzed the three categories of conduct, the supreme court in *In re Question* reached the following conclusion in regard to claims by employees against employers for assaults by co-employees:

> Under the 'but-for test,' assaults by co-workers are compensable as long as they are not motivated by personal vengeance stemming from contact with the employee outside of the employment.

*In re Question, supra*, 759 P.2d at 24. Thus, the employee who had been raped by a co-

employee was barred from bringing a tort action against her employer because the injury was compensable under the Act.

Here, it is undisputed that it was because of the employment that the employee was subjected to the co-employee's alleged behavior. There was no indication that the employee and the co-employee even knew each other prior to employment. There was no allegation that the acts occurred outside the employment relationship or resulted from any contacts outside the employment relationship. Thus, because the sexual harassment did not fall in the second category of inherently private conduct, we perceive no error in the entry of summary judgment as to the employer. *See In re Question, supra.*

To the extent that *Ferris v. Bakery, Confectionery & Tobacco Union,* 867 P.2d 38 (Colo.App.1993) and *Stamper v. Hiteshew,* 797 P.2d 784 (Colo.App.1990) are inconsistent with that conclusion, we decline to follow these decisions.

In *Ferris,* a division of this court concluded that a tort claim for outrageous conduct could be maintained against an employer for sexual harassment by other employees because the claimant was a specific target of the conduct. However, as we read *In re Question,* workers' compensation is the exclusive remedy against the employer for this type of conduct because work brought the employees together and created the conditions resulting in the inappropriate behavior.

In *Stamper,* another division of this court determined that an intentional tort claim for sexual harassment could be maintained against a co-worker who also owned the business as a sole proprietorship. The division determined that this type of conduct was not properly characterized as a "neutral force" and, thus, did not arise out of the employment. To the extent that the validity of the claim was based upon the defendant's status as a co-worker, we agree with the result for reasons stated in Part II.B. of this opinion. To the extent, however, that the opinion may be read as holding that workers' compensation was not the exclusive remedy against the employer in the employment context, we disagree with the opinion.

## B.

Under certain circumstances, the conduct of a co-employee also is protected by immunity. *Kandt v. Evans,* 645 P.2d 1300 (Colo.1982). However, we agree with plaintiffs that the trial court erred here in dismissing their tort claims against the co-employee based upon the doctrine.

In *Popovich v. Irlando, supra,* 811 P.2d at 384, our supreme court stated:

If the tortious conduct originates in matters personal to the tortfeasor ... then the tortious conduct does not arise out of employment and thus is not immunized ... by reason of the co-employee immunity rule, even though the injury to the victim ... occurs within the scope of the victim's employment.

Here, the allegations in the amended complaint satisfy the *Popovich* requirements and the factual disputes relative to those allegations may not be resolved via the summary judgment process. Hence, plaintiffs are entitled to proceed to trial on the tort claims against the co-employee. *See Patel v. Thomas,* 793 P.2d 632 (Colo.App.1990)(allegations of plaintiffs' complaint against the co-employee for various forms of on-the-job sexual harassment raised sufficient factual issues as to private nature of elements of relationship to preclude dismissal of complaint under exclusivity provisions of Act).

## III.

Plaintiffs contend next that the wife's claim for loss of consortium was erroneously dismissed. We agree only as to the co-employee.

Because the wife's claim is derivative of the employee's claims, and because the employee's claims against the employer are barred by the exclusivity provision of the Act, the loss of consortium claim was also subject to summary judgment. *See Pizza Hut of America, Inc. v. Keefe,* 900 P.2d 97 (Colo.1995).

Dismissal of the claim as against the co-employee was error for the reasons noted in Part II.B. of this opinion.

IV.

As to the claim for discriminatory employment practices under the Anti–Discrimination Act, plaintiffs assert that the trial court's dismissal of this claim was also error. We disagree.

■ The Anti–Discrimination Act provides that it is a discriminatory employment practice to "discharge" any person because of "sex." Section 24–34–402(1)(a), C.R.S.1999. This provision encompasses sexual harassment claims. *Ferris v. Bakery, Confectionery & Tobacco Union, supra.*

However, the Anti–Discrimination Act does not provide a remedy to an employee for discriminatory conduct that does not result in an employment-related decision affecting the employee's pay, status, or tenure. Therefore, if an employee is subjected to verbal or physical abuse in the workplace on the basis of gender, but is not hired, fired, promoted, demoted, or compensated on that basis, the Anti–Discrimination Act provides no recourse. *Brooke v. Restaurant Services, Inc.,* 906 P.2d 66 (Colo.1995).

■ Here, plaintiffs assert that their allegations of constructive discharge due to a hostile environment are sufficient to support a claim under the Anti–Discrimination Act, even though the employee was not actually discharged. However, *Brooke v. Restaurant Services, Inc., supra,* specifically holds to the contrary.

Further, even if we assume that a form of constructive discharge may suffice under the rule adopted in *Colorado Civil Rights Commission v. State ex rel. School District No. 1,* 30 Colo.App. 10, 488 P.2d 83 (1971), that rule does not apply here. It is undisputed that the employee quit because of the co-employee's conduct and that the co-employee did not act in a manner to cause "a prudent person to believe that his tenure had been terminated." *Colorado Civil Rights Commission v. State ex rel. School District No. 1, supra,* 30 Colo.App. at 16, 488 P.2d at 86.

By reason of our resolution of this issue, it is unnecessary to address the parties' contentions relative to whether the Act applies to same-sex harassment.

V.

Because we have reversed the judgment of dismissal as to the co-employee, the award of costs may not stand. *See Rossman v. Seasons at Tiara Rado Associates,* 943 P.2d 34 (Colo.App.1996)(if underlying judgment is reversed, award of costs must be vacated). Thus, we need not consider this issue further.

The judgment dismissing plaintiffs' tort claims against the co-employee is reversed, as is the award of costs, and the cause is remanded for further proceedings consistent with the views expressed in this opinion. That part of the judgment dismissing plaintiffs' other claims is affirmed.

Judge KAPELKE concurs.

Judge BRIGGS specially concurs.

Judge BRIGGS specially concurring.

I agree with the majority that in the circumstances presented here the employer, but not the co-employee, has immunity from the employee's action in tort. I write separately to address the distinct sources and rationales for employer and co-employee immunity and to stress the resulting difference in their scopes. I also write to address the difference between the analysis that leads to my conclusion and the analysis used in some prior decisions.

I.

As the majority notes, the bar on civil actions in tort by employees against employers for injuries arising out of and in the course employment is a creature of statute. *See* §§ 8–41–104 and 8–41–105, C.R.S.1999. *In re Question Submitted by U.S. Court of Appeals,* 759 P.2d 17 (Colo.1988). In contrast, the bar on tort claims by employees against co-employees is a judicially created rule. *See Popovich v. Irlando,* 811 P.2d 379 (Colo.1991).

Just as the sources of immunity differ for employers and co-employees, so do the underlying policy considerations. For example, tort immunity for an employer is part of a statutorily created social contract that, at the

same time, makes the employer liable to an injured employee for workers' compensation benefits, without regard to fault. To the extent one remedy is not available, the other is. Thus, even though the result is to give the employer immunity from tort claims, making the employer liable for workers' compensation benefits when an employee is injured by the intentional acts of a co-employee is deemed to further the "broad remedial objective" of the Workers' Compensation Act. *See In re Question, supra,* 759 P.2d at 21.

The same remedial goals and resulting social contract do not underlie co-employee immunity. Of course, granting a co-employee immunity from suit may be consistent with the aim of the workers' compensation scheme in some circumstances. For example, in accepting employment in a job that involves inherent risks of injury, it can be argued that a co-employee may reasonably expect immunity from a tort claim for negligence resulting in an industrial accident. *See Kandt v. Evans,* 645 P.2d 1300 (Colo.1982).

Nevertheless, an employee does not receive any additional remedy under the Workers' Compensation Act when immunity from a civil action is extended to a co-employee. Further, immunity eliminates the beneficial deterrent effect of the threat of suit. Moreover, a co-employee who is alleged to have committed an intentional tort has less of a reasonable expectation of immunity from suit as part of any social contract. *See Popovich v. Irlando, supra.*

The majority of states therefore do not provide any form of immunity to a co-employee for alleged intentional acts. *See generally* A. Larson & L. Larson, 6 *Larson's Workers' Compensation Law,* § 72.21 (1998)(thirty-four states have now abolished co-employee immunity for intentional conduct). While Colorado has not entirely abandoned the doctrine, the supreme court has made clear that a co-employee's immunity from tort claims for intentional acts is not as extensive as an employer's immunity.

As the majority indicates, the supreme court has adopted the "positional-risk," or "but for," standard to determine when a claim "arises out of" employment. This standard applies for purposes of determining the scope of immunity for both employers and co-employees. *See Popovich v. Irlando, supra; In re Question, supra.*

Likewise, in determining the scope of immunity for both employers and co-employees, the supreme court has divided intentional conduct by co-employees into three categories: conduct that has some "inherent connection with employment"; conduct that is "inherently private"; and conduct that is deemed to be neither, and may therefore be called "neutral." *See Popovich v. Irlando, supra; In re Question, supra.*

However, the supreme court has reached very different conclusions regarding the result of placing a co-employee's intentional conduct in one of the three categories. The difference depends on whether the immunity is for an employer or a co-employee.

As to employer immunity, the court in *In re Question, supra,* 759 P.2d at 21, concluded as follows:

> Under the 'but-for test,' assaults by co-workers are compensable as long as they are not motivated by personal vengeance stemming from contact with the employee outside of the employment.

In other words, unless the conduct falls within the *second* category of "inherently private" conduct, the employer is immune from suit— but the injured employee is eligible for workers' compensation benefits.

In contrast, as to co-employee immunity, the supreme court concluded in *Popovich v. Irlando, supra,* 811 P.2d at 384, as follows:

> [T]he rule of co-employee immunity must be strictly limited 'to injuries sustained where both the tortfeasor and the victim are acting in the course of their employment' in order to preserve the deterrent function of tort liability 'as to those acts between employees not "arising out of and in the course of" the employment relationship.' *Claimant's tort claim will be barred by reason of the 'arising out of' component of the co-employee immunity rule only if the tortious conduct originates in the work-related duties or responsibilities of the co-employee tortfeasor* so as to be considered part of the co-employee's service to

the employer in connection with the co-employee's contract of employment. If the tortious conduct originates in matters personal to the tortfeasor or derives from a neutral source unrelated to the tortfeasor's employment, then the tortious conduct does not arise out of employment and thus is not immunized from tort liability by reason of the co-employee immunity rule, even though the injury to the victim of tort occurs within the scope of the victim's employment. (emphasis added)

In other words, unless the co-employee's conduct falls within the *first* category of conduct that is "inherently connected with the employment," such as a dispute over job duties or performance—the co-employee *is not* immune from suit—even if the employee is eligible for workers' compensation benefits.

The result is that, for the same conduct by the co-employee, the employee's injuries may be deemed to have arisen out of employment for purposes of employer immunity, but not for purposes of co-employee immunity. It may be confusing analytically to treat injuries caused by identical co-employee conduct as arising out of employment for one purpose but not the other. Nevertheless, the difference in result is grounded in sound public policy.

Accordingly, I agree with the majority that the employee in this case is barred from bringing a civil action against the employer for the alleged intentional conduct of the co-employee. At the same time, the employee is not barred from bringing a civil action against the co-employee.

## II.

Our conclusions differ from those in *Ferris v. Bakery, Confectionery & Tobacco Union,* 867 P.2d 38 (Colo.App.1993), and *Stamper v. Hiteshew,* 797 P.2d 784 (Colo.App.1990). The difference results from the application of the tests articulated by the supreme court in *In re Question* and *Popovich.*

In *Stamper,* the claimant brought a civil action against her employer, an individual doing business as a sole proprietorship. She alleged that the employer had personally engaged in, among other things, acts of sexual harassment. The trial court granted summary judgment dismissing her state claims as barred by the Act.

On appeal, the division in *Stamper* reversed. It reasoned that a neutral force, the third category of conduct defined by the supreme court in *In re Question,* was one that is blind or irrational in nature, having been applied against the employee solely because the employee happened to be at a particular place at a particular time. The division concluded that, because the employer's acts had been targeted at the employee, they were not neutral in nature. It further concluded that, as a result, the claims could not be characterized as having arisen out of the employment. The division made no distinction between the roles of the defendant as the employer liable for payment of workers' compensation benefits and as the co-employee.

In *Ferris,* the employee likewise brought suit against her employer. She alleged that she had been subjected to a continuing series of unwanted sexual advances, primarily by the employer's president. The trial court granted summary judgment in favor of the employer.

On appeal, the division reversed the summary judgment granted the employer on the claims based on sexual harassment. Relying on *Stamper,* the division concluded that, because the alleged acts were specifically targeted at the employee, they could not be deemed neutral in nature. As in *Stamper,* the division in *Ferris* further concluded that the employee's injuries did not arise out of the course of employment.

My analysis differs from that in *Ferris* and *Stamper* in two respects. First, I do not agree that merely because a co-employee's conduct is intentionally directed at an employee, it therefore cannot be deemed to fall in the third category of neutral conduct. I recognize that in *In re Question* and *Popovich,* the supreme court included certain statements that could lead to such a conclusion. For example, the court did refer to intentional acts that constitute neutral forces as those that in essence are equivalent to blind or irrational forces that would have caused injury to any employee who happened

to be in the position of the employee at the time and place in question. However, while these are certainly *examples* of neutral forces, I do not read the opinions as *limiting* the third category of neutral conduct to that which is a blind or irrational force not directed at a particular employee.

The supreme court in both *In re Question* and *Popovich* defined "neutral conduct" in several ways. For example, the court twice expressly stated that the third category of neutral conduct refers to *all* conduct not falling within the other two categories of conduct that is "inherently private" or "inherently connected with employment." *In re Question, supra,* 759 P.2d at 22 (An employee may be injured by "some *neutral force,* meaning by 'neutral' neither personal to the claimant nor distinctly associated with the employment.")(emphasis original); *In re Question, supra,* 759 P.2d at 23 ("Wilful assaults upon the claimant, like injuries generally, can be divided into *three categories:* those that have some *inherent connection with the employment,* those that are *inherently private,* and those that are neither, and may therefore be called 'neutral.' ")(emphasis original).

More recently, the court in *Popovich* provided the same definition. *Popovich v. Irlando, supra,* 811 P.2d at 383 ("We noted in [*In re Question* ] that intentional torts committed against an employee by a co-employee can be divided generally into three categories; those that have an inherent connection with the employment; those that are inherently private; and those that are neither inherently employment-related nor private and thus are designated as 'neutral.' ").

Under this approach, the third category of neutral conduct is not *limited to* conduct that is the product of "blind or irrational force not directed at a particular employee," which would thereby exclude all co-employee intentional acts directed at other employees. Rather, co-employee intentional acts that are neither inherently connected with employment nor the result of inherently private conduct are treated as *equivalent to* blind or irrational forces. *See In re Question, supra,* 759 P.2d at 24 ("The third category of neutral assaults includes 'assaults which are in essence *equivalent to* blind or irrational forces ....' ")(emphasis added).

The other difference between my analysis and that in *Ferris* and *Stamper* is my disagreement with the assumption in those cases that in determining *employer* immunity, unless the conduct is deemed to fall within the third category of "neutral" conduct, an employee's injuries necessarily *do not* arise out of the employment relationship. To the contrary, as the supreme court made clear in *In re Question,* unless the co-employee's intentional conduct falls within the second category of "inherently private" conduct, the employee's injuries *do* arise out of the employment, at least for purposes of *employer* immunity.

In neither *Ferris* nor *Stamper* did the employee and co-employee have any contacts or relationship outside the workplace that led to the co-employee's intentional conduct. Thus, however else the intentional acts in those cases might be characterized, they cannot be characterized as falling within the second category of "inherently private" conduct.

As a result, under the supreme court's test in *In re Question* for *employer* immunity, the injuries in both *Ferris* and *Stamper* cases *did* arise out of and in the course of employment. The employees in both cases should therefore have been barred from pursuing any tort claims against their employers.

On the other hand, in neither *Ferris* nor *Stamper* did the co-employees' intentional conduct arise out of any dispute about job performance, duties, or conditions or, aside from time and place, have any other connection with employment. Thus, however else the intentional acts in those cases might be characterized, they cannot be characterized as falling within the first category of conduct "inherently connected with employment."

As a result, under the supreme court's test in *Popovich* for *co-employee* immunity, the employee's injuries in both *Ferris* and *Stamper* cases *did not* arise out of and in the course of employment. The employees in both cases therefore could properly bring civil actions in tort against the co-employees.

Under my interpretation of *In re Question* and *Popovich,* I do agree with the result reached in a third opinion decided by this court. In *Patel v. Thomas,* 793 P.2d 632 (Colo.App.1990), the employee brought suit for sexual harassment, not against the employer, but against the co-employee. The conduct of the co-employee was not inherently connected with employment. Thus, while my approach differs in some respects, in my view the division in *Patel* properly concluded that the co-employee was not immune from suit.

The only possible caveat to these conclusions is whether a different rule should apply to a business operated as a sole proprietorship. That issue was not addressed in *Ferris* or *Stamper,* and we have no occasion do address it here.

In sum, the tests for determining employer and co-employee immunity share some similarities. Nevertheless, the two immunity doctrines stem from different sources, rest on different policy considerations, and, as a result, are different in scope. Because of that difference, I concur in the majority's conclusion that the employee is barred from bringing a tort action against the employer, but not the co-employee.